## HOUSTON ELECTRIC COMPANY v. ALBERT J. NELSON.

Decided December 18, 1903.

**1.—Personal Injury—Negligence—Charge of Court.**

See charge of court in a damage suit for personal injuries held obnoxious to the objection that it virtually instructs that if the plaintiff has shown a collision and consequent injury to his wife, liability is established irrespective of negligence or other proof.

**2.—Issues—Charge.**

What issues are made by the pleadings is a question of law for the court, and they should be so determined and presented in the charge; the jury should not be referred to the pleadings for the issues.

**3.—Street Railway—Injury to Passenger—Degree of Care.**

Carriers of passengers, while held to a high degree of care, are not insurers of the safety of their passengers, and where such care is shown they are not liable for injuries through accident.

Appeal from the District Court of Harris. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Baker & Lovett,* for appellant.

No brief on file for appellee.

GILL, ASSOCIATE JUSTICE.—This is a suit by the appellee against the appellant for damages for personal injuries alleged to have been sustained by his wife as a result of a collision between one of the street cars of appellant (on which his wife was a passenger) and a water cart. The collision is alleged to have been due to the negligence of the servants of appellant in charge of the street car.

Appellant answered by general denial. Verdict and judgment was for plaintiff and defendant has appealed.

The evidence adduced was conflicting both on the issue of the negligence of the company and the effect of the accident on the plaintiff's wife. In view of the result of this appeal we do not find it necessary to state more fully the facts or the nature of the case.

The court, after defining generally the degree of care which bound defendant with reference to the protection of its passengers, submitted the facts upon the following charge and no other:

"If you believe from the evidence that the plaintiff's wife was injured by a car colliding with a water cart as charged in his petition, and in the manner as charged in the petition, then you will find for the plaintiff such damages (if any) as the plaintiff has received by reason of the injury, taking into consideration the expense of cure and such amount as the services of plaintiff's wife have been to him diminished in value by reason of the injury, and the jury may take into consideration the permanency of such injury as they may find from the evidence in estimating the damages, if any. If the jury do not believe the plaintiff's wife was injured as charged in plaintiff's petition, and in the manner therein charged, they will find for defendant."

To this charge several objections are urged, the first being that the

charge is a virtual assumption that plaintiff may recover if his wife was injured and this regardless of whether the company's negligence caused the collision or not. That there was a slight collision between the car and a water cart is undisputed, and while the charge, read in the light of the petition, may be correct in the abstract, it is clearly misleading on the face of it. The most easy and natural construction to place on it is that if the plaintiff has shown a collision and consequent injury to his wife liability is established irrespective of other proof. Whatever may generally be the probative weight of the accident itself on the issue of negligence in passenger accident cases, this is certainly not a case in which the court might assume that proof of the collision established the allegation of negligence. The nature of the accident and its causes were fully disclosed, and if the jury believed the witnesses adduced by the defendant the servants of the defendant were without fault.

The action of the court in referring the jury to the pleadings for the issues is also criticised. Ordinarily this might not be error requiring a reversal, but we nevertheless regard it as a practice which should not be encouraged. What issues are made by the pleadings is a question of law for the court and they should be so determined and distinctly presented in the charge. Bradshaw v. Mayfield, 24 Texas, 483; Barkley v. Tarrant County, 53 Texas, 257.

The defendant requested the trial court to instruct the jury that if the motorman in charge of the car was in the exercise of a very high degree of care and prudence to prevent the accident then defendant would not be liable. The defendant was entitled to have the issue of proper care submitted to the jury in terms, and the court erred in refusing to do so.

Defendant complains also of the refusal to give a requested special charge to the effect that the company is not an insurer of the safety of its passengers and the mere fact that the car collided with the wagon does not in itself establish liability against defendant. The charge should not have been given in the form requested. The rule is that carriers of passengers are not insurers of the safety of their passengers, but are only held to the exercise of that high degree of care in respect to their safety which very prudent and cautious persons would use under like circumstances, and if such care is shown or if the lack of it does not appear liability is not established. The defendant was entitled to such a charge. But to charge either way upon the happening of the accident as an evidential fact would have been, under the facts of this case, upon the weight of evidence.

Some of the criticisms of the court's charge on the measure of damages are well founded, but the rules upon the subject are so simple and well settled we can not believe the errors will be repeated upon another trial. We therefore do not notice them further.

For the errors indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*