Meyer Bros. Drug Company et al. v. B. L. Durham et al.

Decided March 3, 1904.

**1.—Sale—Fraud on Creditors.**

Evidence considered and held not to show conclusively that a sale for value of his entire stock of goods, by one who was at the time insolvent, was in fraud of creditors, but to require submission of that issue to the jury.

**2.—Insolvent—Sale of Goods—Fraud of Creditors—Intent.**

The fact that one buying from an insolvent has notice of such insolvency and pays cash for a stock of goods without seeing that the money is applied to creditors, does not, of itself, render the sale fraudulent; notice of intent to defraud creditors is necessary.

**3.—Charge as a Whole—Contradictory Paragraphs.**

Inconsistent paragraphs in a charge are not ground for reversal where the charge, when read as a whole, does not leave the jury in doubt.

Error to the District Court of Johnson.    Tried below before Hon. W. Poindexter.

*W. R. Walker* and *McCormick & Spence,* for plaintiffs in error.

*D. W. Odell* and *S. C. Padelford,* for defendants in error.

JAMES, CHIEF JUSTICE.—The question involved was whether or not a sale of a stock of goods by Overton & Sons to B. L. Durham was fraudulent as to creditors.

The first assignment of error is that the court erred in submitting the issue of fraudulent sale, the testimony conclusively showing that it was such. The second is that the court erred in refusing to set aside the verdict in favor of defendant, for the same reason. The tenth is that the verdict should have been set aside as against the great preponderance of the evidence.

In view of the verdict we conclude that the evidence was not such as would have warranted the trial judge in withholding that issue from the jury.

There was evidence of the following facts: That Overton & Sons were insolvent; that they had practically no other property than that which figured in this sale; that Durham paid for the goods in cash their value; that the Overtons sold the stock for the purpose of getting money to pay their creditors; that they so informed Durham and also Meyer Bros. & Co.'s attorney, while the sale was pending, both of whom believed the sale was being made honestly for that purpose; that Overton & Sons had no other intention at the time; that there were some liens on the stock which Durham required to be settled at the time; that Durham did not know the extent of Overton & Sons' other indebtedness, did not know the fact of their insolvency; and that the Overtons afterwards applied all the balance of the purchase money after paying off the liens, to their debts except a few hundred dollars ($250 or $300), which they used.

That there was evidence that the goods brought their reasonable value

in this transaction, that Overtons did not have any intent to hinder, delay or defraud their creditors when they made the sale, and that Durham did not have knowledge of their insolvency, nor of the further fact that Overtons were making the sale in fraud of their creditors, can not well be disputed.

The court submitted the case on the issue whether or not the Overtons sold for the purpose of paying off and discharging their debts and not for the purpose of defrauding their creditors, and were told if they found against such purpose to find for the defendant. But if otherwise to still find for defendant if he paid value in good faith without knowledge of such fraudulent intent. And to find for plaintiff if the Overtons were insolvent and made the sale for the purpose and with the intent to hinder, delay or defraud their creditors or either of them, and that defendant had notice of such intent.

Notice to defendant of a fraudulent intent or purpose was, under this charge, indispensable to plaintiff's recovery. Knowledge of insolvency was not enough.

The first assignment of error is that the court submitted to the jury the fraudulent character vel non of the transfer, the uncontradicted evidence showing (as the assignment alleges) : (1) That Overton & Sons were insolvent and in failing circumstances, and had no other property than the stock of goods in question; (2) that a knowledge of these facts was brought home to Durham before he purchased or paid for the goods; (3) that Durham paid cash to the Overtons and did not see to the application of the money to the payment of the latter's debts, or make any effort to have it so applied; and (4) that in fact creditors of Overton & Sons were defrauded, hindered and delayed by the transaction in that the Overtons applied that large part of the money to other purposes than the payment of their debt.

The fact recited in item number 2 of the above not being an undisputed fact, this and the second assignment are not strictly well taken. The great preponderance of the evidence was not against any of the material facts as above found.

It is sought by propositions under these assignments to raise the question that if the Overtons were insolvent and Durham had notice of this, and paid cash for the stock without arranging for the money to be applied to creditors, then the law pronounces the sale a fraudulent one, without reference to intent, because as plaintiff in error expresses it there arises an inevitable presumption that Overton had a fraudulent intent and that Durham had notice of it. Granting that the question is fairly raised by the assignments, we regard the later decisions of our courts as against that view. Sanger Bros. v. Colbert, 84 Texas, 668; Edwards v. Anderson, 31 Texas Civ. App., 131, 71 S. W. Rep., 555, and cases cited; Cross v. McKinley, 81 Texas, 332; Dittman v. Weiss, 31 S. W. Rep., 67; Texas Drug Co. v. Shields, 20 Texas Civ. App., 274.

The third assignment complains of the following: In the fifth par-

agraph of the charge the court stated: "The fact that said Overton & Sons were at the date of said sale insolvent is not controverted in this case. The question as to whether or not defendant Durham had notice of the insolvency of said firm at said time is a question of fact for your determination under all the evidence in this case." In the seventh paragraph after charging the jury to find for defendant if he purchased the goods for a valuable consideration in good faith with no notice or knowledge of fraudulent intent of Overton & Sons, the court proceeded: "However, if you should believe from a preponderance of the evidence that at the time of said sale and transfer the said Overton & Sons were insolvent, and that they made said sale and transfer to said Durham for the purpose and with the intent to hinder, delay and defraud their creditors or either of them, and that defendant Durham had notice of such fraudulent intent as notice is heretofore explained," then you will find for plaintiff, etc.

The point made is that the latter charge was erroneous in submitting the question of Overton's insolvency on the evidence, when in fact, as the court had already stated to the jury, such fact was not controverted. The rule is that contradictory charges will require a reversal, unless the charge is so framed as in some distinct way to remove the contradiction. The charges were not contradictory. In one place the jury are told to find from the evidence whether or not Overton & Sons were insolvent, and in another place the court tells them in unmistakable terms that the evidence shows without dispute that they were insolvent. If the jury read and considered the entire charge they could not be misled, but must have known that they must find from the evidence in favor of insolvency, as the court had so instructed them. In one of the cases city by plaintiff in error, Baker v. Ashe, 80 Texas, 361, it is said: "It is a rule that in construing the instructions given by a court to a jury they will be taken as a whole and one part may be looked to for the purpose of qualifying another." We think this disposes also of the eleventh assignment of error.

The rule invoked applies only when from a reading of the entire charge the inconsistent paragraphs leave the jury in doubt as to what to do.

The fifth and sixth assignments are overruled. There was no error in instructing the jury on the burden of proof, and the charge on this subject was not incorrect. The fact that Durham paid for the goods was undisputed. We conclude also that the seventh, eighth and ninth assignments present no error, especially so considering the entire charge. There is nothing of a substantial nature in the twelfth assignment.

*Affirmed.*

Writ of error refused.