## L. P. Harrison v. Otho S. Houston.

### Decided November 11, 1905.

**Charge of Court—Abstract Legal Propositions.**

The court instructed the jury that if they believed from the evidence that for a valuable consideration the defendant made and entered into a contract with the plaintiff, etc., and that thereafter the plaintiff complied with his part of the contract, if any, and that said property was sold at a price and upon terms acceptable to defendant, they would find for plaintiff. The plaintiff requested a special charge presenting the issues of fact, which was refused. Held, under the circumstances of this case, it was error to give the main charge and refuse the special charge, because the main charge did not separate the questions of law from questions of fact.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

*Hale, Allen & Dohoney* and *Bomar & Bomar,* for appellant.—It is the duty of the court to separate questions of law from questions of fact, and apply the law to the facts of the case, and, therefore, the charge quoted in the opinion was error. Rev. Stats., art. 1316, as amended in 1903, and art. 1317; Henry v. Sansom, 21 S. W. Rep., 71; Giddings v. Baker, 80 Texas, 315; Mayor of Houston v. Houston, B. & M. P. Ry. Co., 84 Texas, 594.

The court erred in said paragraph of his charge in failing to instruct the jury what would be a valuable consideration under the facts of this case, and in leaving the determination of that question (which is a question of law) to the jury. Little v. Allen, 56 Texas, 138; Wooters v. Kauffman, 67 Texas, 495.

The court erred in said paragraph in failing to instruct the jury what would be a compliance with the contract on the part of plaintiff under the facts of this case, and in leaving the jury to determine what would be a compliance. Wooters v. Kauffman, 67 Texas, 495; Long v. McAuley, 3 S. W. Rep., 692; Martin Brown Co. v. Perrill, 13 S. W. Rep., 978; Kidwell v. Larson, 22 S. W. Rep., 534.

The court erred in instructing the jury that, before plaintiff could recover, he must show that the sale to Thompson was at a price and on terms acceptable to defendant, this not being an issue in the case. Texas & Pac. Ry. Co. v. Wisenor, 66 Texas, 674; Ivey v. Williams, 78 Texas, 685; Wood v. Gulf, C. & S. F. Ry. Co., 40 S. W. Rep., 26; Texas Land & Loan Co. v. Watson, 22 S. W. Rep., 875.

That the court erred in refusing to give the special charge quoted in the opinion. Ullman v. Land, 84 S. W. Rep., 295; Thornton v. Moody, 24 S. W. Rep., 331; Willis v. McNeill, 57 Texas, 476; Hoeffling v. Dobbin, 91 Texas, 214; Western U. Tel. Co. v. Andrews, 78 Texas, 307; Gulf, C. & S. F. Ry. Co. v. Hill, 58 S. W. Rep., 257.

*W. A. Hanger,* for appellee.—If Houston placed the Williams farm in appellant's hands for sale at $30,000, such price would be construed in law to mean cash, and appellant having been unable to sell the farm for that amount in cash, Houston would be under no liability to appellant on the sale of the same. O'Brien v. Gilliland, 23 S. W. Rep.,

245; Howell v. Denton, 68 S. W. Rep., 1002; Pryor v. Jolly, 91 Texas, 86.

The omission to instruct the jury as to what would be a valuable consideration does not constitute error in the absence of a requested instruction. Barrett v. Featherstone, 89 Texas, 573; Weaver v. Nugent, 72 Texas, 278; Tucker v. Smith, 68 Texas, 481; McLane v. Good, 68 S. W. Rep., 708; Burnett v. Edling, 48 S. W. Rep., 776.

STEPHENS, ASSOCIATE JUSTICE.—Appellant sold a ranch for appellee on a commission of five percent, the purchaser paying seventy-two thousand dollars for it. A farm in Lamar County, known as the Williams farm, worth twenty-five thousand dollars, was part of the consideration, or, at least, was accepted by appellee at that price, but he refused to pay appellant any commission on that part of the consideration, claiming that he was justified by custom in so doing. A settlement of this controversy ensued, in which appellee paid appellant twenty-five hundred dollars; but, on a sale of the farm, a difference arose as to the terms of this settlement, appellant contending that he had accepted this payment on agreement with appellee that he would let appellant sell, or assist in selling, the farm in Lamar County, and pay him a commission of five percent on the amount for which it should be sold, while appellee contended that the payment had been made and accepted in full settlement of the claim for commissions on the sale of the ranch. Appellee, however, admits that he did authorize appellant to sell, or assist him in selling, the Williams farm, at a commission of five percent, but denies giving him the exclusive right to sell, or to commissions in case of a sale by appellee. This farm was sold by appellant to Dr. J. F. Thompson for twenty-seven thousand five hundred dollars, whereupon appellant renewed his claim for commissions, contending that he had assisted appellee to sell the farm, and, at all events, was entitled to commissions, either on the original sale or under the terms of the compromise.

As to what passed between them when appellee paid appellant the twenty-five hundred dollars the evidence was conflicting, the testimony of each party supporting his own contention, but as to the fact of appellant's authority to act as agent for appellee in selling, or in assisting him to sell the farm, there was no conflict; and as to the fact of appellant's undertaking to sell, and assisting appellee to sell the farm, there was little or no conflict. Appellee, however, seems to have closed the trade with Thompson on terms slightly different from those proposed when Thompson went to Lamar County to see the farm, at which time appellant met him at the depot at Paris and furnished him conveyance to the farm and back.

In some way the jury interpreted the evidence against appellant under the following charge, to which numerous errors are assigned:

"If you believe from the evidence in this case that, for a valuable consideration, the defendant made and entered into a contract with the plaintiff, whereby it was agreed and understood between them that plaintiff should sell, or assist defendant in selling, the land known as the Williams farm, and that when the same was sold defendant should pay plaintiff a cash commission of five percent on the price received

for the same, and that thereafter plaintiff complied with his .part of said contract, if any, and said property was sold at a price and upon terms acceptable to defendant, then you will find for plaintiff five percent on the price at which said land was sold. If you do not so believe and find from the evidence, then your verdict will be for the defendant."

The objections urged to the charge are that it is "an abstract statement of legal propositions," and did not separate the questions of law from questions of fact, but submitted questions of law to the jury; as, for instance, the question of a valuable consideration, and of what would be a compliance with the contract on the part of appellant. The further objection is urged that it submitted issues not raised by the evidence, or rather immaterial issues, as, for instance, whether the property had been sold "at a price and upon terms acceptable to defendant," it being material only that it had been sold.

These objections, though technical, seem to be warranted, but are not such as would always require the judgment to be reversed. In this case, however, we think appellant is entitled to have them seriously considered, especially as the court refused to give the following charge, to which ruling error is also assigned:

"The undisputed evidence shows that in May, 1902, defendant owed plaintiff a commission of $3,600 for the sale or exchange, as defendant's agent, of a certain ranch, and that defendant paid plaintiff at that time $2,500. Now, if you believe from the evidence that, at the time of the payment of said $2,500, or subsequently thereto, plaintiff and defendant entered into a contract by which it was agreed between them that, in lieu of plaintiff's claim for $1,100, he was to assist defendant in the sale of his farm in Lamar County, known as the Williams farm, and receive a commission on said sale when made of five percent of the amount it sold for, and that plaintiff did so assist defendant in the sale of his farm in Lamar County, known as the Wilcent of the consideration that you may find from the evidence was paid to defendant by J. F. Thompson for said Williams farm, and six percent thereon from December 22, 1903." ·

Left as they were, by the charge given, to determine for themselves what would be a valuable consideration, and what would be a compliance by appellant with his contract, the jury may have concluded, contrary to the ruling made by this court in Ullman v. Land (11 Texas Ct. Rep., 769), that appellant had no right to claim commissions on so much of the price of the ranch as had been paid in the Williams farm at an agreed value; or that the compromise of appellant's claim, though made on the terms testified to by him, was not a valuable consideration; or even that the mutual promises involved in the contract of agency did not constitute a valuable consideration. Or they may have concluded, because appellee did not sell the farm to Thompson on precisely the terms proposed when appellant sent him out to see it, that he was not entitled to commissions on the sale as finally made, although they may have accepted his version of the settlement of the original controversy, the words, "at a price and on terms acceptable to defendant," used in the charge, being at least superfluous, and probably misleading when applied to the peculiar facts of this case.

The requested instruction submitted only issues of fact to the jury, and no good reason is perceived why it should not have been given, since it correctly and plainly stated the law arising on the facts relied on by appellant for a recovery.

Because the court gave the one charge, and refused the other, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*