## W. S. Davis v. Ellen G. Hardwick et al.

Decided April 28, 1906.

### 1.—Charge—Failure to Define Terms Used—When Error.

That a failure of the court to define terms used in its charge will not require a reversal of the judgment is not a rule of invariable application. It is the duty of the court to so frame its charge as to distinctly separate the questions of law from the questions of fact, and to instruct the jury as to the law arising on the facts, and where a failure to do this has probably misled the jury the judgment will be reversed.

### 2.—Same.

Plaintiff sued to recover fifty shares of stock which had been pledged to secure certain joint debts of himself and H., deceased. H. paid said debts, received said shares of stock, had them cancelled and new certificates issued in his own name. Plaintiff testified that H. acquired said stock upon the understanding that he was to hold it only as security or pledge for plaintiff's indebtedness. The defendants claimed (1) that H. had bought the stock from plaintiff; or (2) if H. had in fact converted the stock, plaintiff's suit was barred by limitation. The court charged the jury that if they believe from the evidence that there was a conversion of said stock by H. more than two years before suit filed, to find for defendants; and if they believed from the evidence that plaintiff never parted with his title to said stock and is still the owner of the same to find for plaintiff. Held, under the facts of this case the court should have explained to the jury what would amount to a conversion, and what would amount to a parting by plaintiff with his title to the stock.

### 3.—Certificates of Stock—Endorsement in Blank.

A mere delivery of a certificate of stock endorsed in blank is sufficient to constitute it a pledge without any memorandum to that effect. The pledgee may fill in the blanks, have the stock registered in his own name and receive the dividends.

Appeal from the District Court of Tarrant County. Tried below before Hon. Mike E. Smith.

*Stewart & Templeton*, for appellant.—The court should have defined in said charge the meaning in law of the word conversion as used therein, or should in some plain and appropriate way have explained to the jury what facts would amount to a conversion of said stock. Wooters v. Kaufman, 67 Texas, 495; Brown v. Pridgen, 56 Texas, 127; Salado College v. Davis, 47 Texas, 137.

The assignment in blank by Davis of his stock in the defendant company and his delivery thereof to the original pledgees vested in such pledgees the legal title to said stock and they thereupon became the owners thereof and were entitled to have same transferred on the books of the company to them, and to have the original certificates canceled and new certificates issued in their names. Seeligson & Co. v. Brown, 61 Texas, 114 and 117; Cecil Natl. Bank v. Watsontown Bank, 105 U. S., 217; Johnson v. Laflin, 103 U. S., 800; State v. Smith, 14 Pac. Rep., 814, 824, 825; Wilson v. Little, 2 N. Y., 443; Colebrook on Collateral Secureties, secs. 282, 287, 288; Union & Planters Bank v. Farrington, 81 Tenn., 333, 336, 337; Cornick v. Richards, 3 B. J. Lea (Tenn.), 1, 25, 26; Cherry v. Frost, 7 B. J. Lea (Tenn.), 8.

When Hardwick paid the debts owing by Davis, to secure which the stock was pledged, he became subrogated pro tanto to the rights, and subject to the liabilities of the original pledgees of said stock, and he thus became for the time being, the owner of same and he likewise was entitled to have such stock transferred to him on the books of said company and to have the original certificates canceled and new certificates issued in his own name. When this was done, he held for the time being, the legal title to said stock, and Davis had temporarily parted with his title thereto, and with the ownership thereof. Faires v. Cockerell, 88 Texas, 428; Allison Bailey & Co. v. Phoenix Ins. Co., 87 Texas, 595; Cleveland v. Carr, 40 S. W. Rep., 410; Scott v. Rowland, 14 Texas Civ. App., 373; Whitaker v. Sanders, 52 S. W. Rep., 640; 2 Brandt on Sur., sec. 304; 4 Ga., 343; Truss v. Miller, 22 So. Rep., 863; Randolph v. Starke, 26 So. Rep., 59.

An erroneous charge is presumed to have been injurious, and unless it is affirmatively shown by the adverse party that no injury was thereby occasioned, the judgment should be reversed. Emerson v. Mills, 83 Texas, 388; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Texas, 349; Dwyer v. Continental Ins. Co., 57 Texas, 184; Houston, E. & W. T. Ry. Co. v. Hardy, 61 Texas, 232; Hudson v. Morris, 55 Texas, 610; Williams v. Conger, 49 Texas, 602.

*Capps & Canty* and *Sidney L. Samuels*, for appellee.—The meaning of the third paragraph of the court's charge to the jury was entirely apparent, and the jury was not misled by same, but if appellant desired explanation or definition of the term "conversion," as used in the charge, it was his duty to have presented a special instruction to cover the omission. Texas & N. O. Ry. Co. v. Scott, 71 S. W. Rep., 26; Western U. Tel. Co. v. James, 73 S. W. Rep., 79; Galveston, H. & S. A. v. Waldo, 26 S. W. Rep., 1005.

CONNER, CHIEF JUSTICE.—The fifty shares of the capital stock of the Hotel Worth Company in the city of Fort Worth, to recover which appellant instituted this suit, had been pledged to certain banks to secure certain joint debts of appellant and W. P. Hardwick, deceased. W. P. Hardwick subsequently paid said joint debts, as also one or more individual debts of appellant, received said shares of stock, had them marked cancelled, and new certificates thereof issued in his own name. Appellant alleged and testified in effect that said stocks had been surrendered to and acquired by said Hardwick upon the understanding and agreement that the stock was to constitute a security or pledge only for appellant's indebtedness so paid by Hardwick, and that the certificates were to be returned when appellant should repay the sums so advanced.

The pleadings and evidence tend to show in behalf of appellees, who are the executors of the last will and testament of W. P. Hardwick, deceased, the following defenses in substance, namely: 1st. That in consideration of said payments appellant bargained and sold said stock and the absolute and entire interest therein to W. P. Hardwick. Or, 2d, That if there had been no absolute sale, said Hardwick, with full notice to appellant, had appropriated and converted said stock to his own use and benefit for such length of time as to preclude appellant's right of recovery under the two years statute of limitation.

In the first paragraph of the charge, the court instructed the jury to find for defendants if they should find "that during the lifetime of W. P. Hardwick, plaintiff, for a valuable consideration, sold and transferred to said W. P. Hardwick the 50 shares of stock in controversy." The two next succeeding paragraphs are as follows:

"In connection with the foregoing you are instructed that although you should believe from the evidence that there was a conversion of said stock by the said W. P. Hardwick, deceased, yet, if you further find that plaintiff knew of such conversion (if any) for a period of time more than two years next prior to the filing of plaintiff's original petition (excluding the time elapsing between the death of W. P. Hardwick up to the date of the qualification of O. P. Haney and Mrs. Hardwick as executor and executrix) then you will find for the defendants."

"If you should find from the evidence that plaintiff never parted with his title to said stock and is still the owner thereof, then you will find in favor of plaintiff against Ellen G. Hardwick and defendant Worth Hotel Company a verdict for the fifty shares of stock in controversy herein, and against Mrs. Ellen G. Hardwick the amount of any and all dividends (if any) which have accrued on said stock and been paid Mrs. Hardwick up to the present time with interest thereon at the rate of six percent per annum from the time or times you may believe from the evidence said dividends were received (if received) by Mrs. Hardwick."

The remaining paragraphs of the court's charge merely direct the jury as to what credits should be allowed in case of a finding for plaintiff, and as to the burden of proof, etc., and hence are not material to what we have to say.

A number of objections to the charge are urged, for instance, it is insisted that in the first paragraph above quoted entire the court failed to explain to the jury what would amount to a conversion and thus sub-

mitted a question of law only, and that the second paragraph also submitted a question of law in that the court did not instruct the jury what facts would amount to a parting by plaintiff with his title to the stock sued for. We conclude that under the peculiar facts of this case the charge as a whole presented a misleading view, and that the specific objections above named are well taken. A failure of the court to define terms used in his charge will not ordinarily require a reversal. But this is not a rule of universal application. The duty of the court is to "so frame the charge as to distinctly separate the questions of law from the questions of fact" and "instruct the jury as to the law arising on the facts." (Rev. Stats., art. 1317.) In cases where terms embody conclusions of law and when, as we think is the case here, a failure to explain or properly apply terms used in a charge is calculated to mislead a jury, or to induce a verdict predicated upon a misunderstanding of the proper application to be given to such terms, the court will reverse. (Harrison v. Houston, 91 S. W. Rep., 647.) In this case it is undisputed that appellant owned and pledged to the bank the shares of stock for which he sued; that W. P. Hardwick paid the debts to secure which the stock had been pledged and received the stock in return; that the stock was found in possession of Hardwick's legal representatives marked "cancelled," and that new stock therefor had been issued to W. P. Hardwick. There was also evidence to the effect that Hardwick after receiving the same voted the stock, and that appellant took no further interest in the affairs of the corporation for several years during which the stock was of value less in amount than the debts for which it had been pledged. The crucial points, then—the sharply contested issues— were: Did appellant consent or agree to Hardwick's retention and use of said stock with intent that the absolute title—the entire interest therein—should at once pass to and become absolutely fixed or vested in Hardwick? Or if not, and Hardwick received said stock as a pledge— as mere security—as appellant testified, did he so appropriate the stock to his own use as to amount to a conversion, and had it continued with notice thereof to appellant for the period of limitation pleaded? In this attitude of case it afforded the jury an insufficient guide to say to them that if they found that appellant parted with his title or that Hardwick converted the stock, etc., they should find for defendants. What would constitute a parting with the absolute right and title and its investment in Hardwick, or what would amount to a conversion, are questions of law that by the charge were left wholly for the jury to determine. The error into which a jury might thus be led, becomes more apparent when we consider more closely the evidence and the law arising thereon. The facts that Hardwick received the stock, caused it to be marked cancelled and new stock to issue in his own name, did not, of themselves necessarily amount to either a conversion or to the transfer of the absolute title. Such use was entirely consistent with the reciprocal rights of pledger and pledgee. Quoting from Mr. Cook, "a mere delivery of the certificate of stock indorsed in blank . . . is sufficient to constitute a pledge without any memorandum to that effect." The pledgee "may fill in the blanks and have the stock registered in his own name on the corporate books." And "dividends declared during the continuance of the pledge belong to the pledgee." See Cook on Stock

and Stockholders and Corporation Law (3d ed.), articles 465-466 to 468. See also, Seeligson & Co. v. Brown, 61 Texas, 114; Cecil Natl. Bank v. Watsontown Bank, 105 U. S., 217; Johnson v. Laflin, 103 U. S., 800; State v. Smith, 14 Pac. Rep. (Ore.), 814, 824, 825; Wilson v. Little, 2 N. Y., 443; Colebrook on Collateral Securities, secs. 282, 287 and 288; Union & Planters Bank v. Farrington, 81 Tenn., 333, 336, 337; Cornick v. Richards, 3 B. J. Lea (Tenn.), 1, 15, 26; Cherry v. Frost, 7 B. J. Lea (Tenn.), 9.

It is undisputed that the stock in question had been transferred in blank by appellant so as to constitute it a pledge and, in a very important sense at least, to pass the title under the authorities. The jury therefore could not, in such sense, have legally found as submitted by the court, "that plaintiff never parted with his title to said stock and is still the owner thereof." This was the only contingency submitted by the court as affording appellant any right of recovery and was, we think, well calculated to mislead the jury. For if the title passed by way of a pledge only, appellant had the right to recover it upon discharge of the indebtedness to secure which it had been pledged, unless barred of such right. If at the time Hardwick took or was given the possession of appellant's stock, or thereafter, it was the purpose, understanding or agreement, on the part of both Hardwick and appellant, that the stock in question and the entire beneficial interest therein should pass to and become wholly vested in Hardwick in consideration of Hardwick's payment of appellant's indebtedness, then appellant had no right of recovery. If, on the contrary, such was not the state of the case, and Hardwick held appellant's stock as pledgee only, then such holding was in the nature of that of a trustee and before it could be said that it was "converted," it would have to appear that Hardwick repudiated the trust and used appellant's stock with intent to thereby permanently deprive appellant thereof and to make it his, Hardwick's, own. And before appellee would be entitled to a verdict on this ground it would be necessary for the evidence to further show that appellant had notice of Hardwick's repudiation of the trust and appropriation of the stock, if any, and that such repudiation and appropriation with notice had continued for the full statutory period. These, briefly stated, were the issues, and should have been submitted by appropriate charges. The charge given, however, is objectionable, we think, in the particulars mentioned, and the judgment is accordingly reversed and the cause remanded for a new trial.

*Reversed and remanded.*