ADAMS & WASHAM v. SOUTHERN TRAC-
TION CO. (No. 5611.)

(Court of Civil Appeals of Texas. Austin.
April 12, 1916. Rehearing Denied
June 28, 1916.)

1. TRIAL ☞233(3) — INSTRUCTIONS — REFER-
ENCE TO PLEADINGS FOR ISSUES.

It is the better practice for the court in its
charge to distinctly instruct the jury as to the
issues involved, and the practice of referring
the jury to the pleadings for the issues is not
to be encouraged.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 529; Dec. Dig. ☞233(3).]

2. APPEAL AND ERROR ☞216(2)—REVIEW—
REVERSIBLE ERROR.

It is not, generally speaking, such affirma-
tive error for the court to fail to state the is-
sues as will require reversal, since if either par-
ty is not satisfied with the charge, as not being
sufficiently explicit, it is his duty to request an
additional charge.

[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. ☞216(2); Trial, Cent. Dig.
§ 627.]

3. STREET RAILROADS ☞118(1)—TRIAL—IN-
STRUCTIONS.

In an action for damages to an automobile
by collision with a street car, an instruction
that the plaintiffs could not recover unless de-
fendant was guilty of negligence in some of the
ways alleged in the plaintiff's petition was not
error.

[Ed. Note.—For other cases, see Street Rail-
roads, Cent. Dig. §§ 258, 259; Dec. Dig. ☞
118(1).]

4. TRIAL ☞194(15)—INSTRUCTIONS—WEIGHT
OF EVIDENCE.

An instruction that, if the jury believed
from the evidence that the street car was op-
erated by the defendant at a high and danger-
ous rate of speed, and but for the operation of
the car in such manner the collision would not
have occurred, and that such operation in such
manner, if it was, directly and proximately
caused the collision, then to find for the plain-
tiff was properly refused, as upon the weight of
the evidence.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 465; Dec. Dig. ☞194(15).]

5. TRIAL ☞253(3) — INSTRUCTIONS — IG-
NORING DEFENSES—CONTRIBUTORY NEGLI-
GENCE.

In an action for damages to an automobile
by collision with a street car, an instruction
which ignored the defense of contributory neg-
ligence was properly refused.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 616; Dec. Dig. ☞253(3).]

6. STREET RAILROADS ☞118(15)—TRIAL—IN-
STRUCTIONS—DISCOVERED PERIL.

An instruction on discovered peril that, if
after the motorman discovered the perilous con-
dition of the automobile, he did use all the
means within his power to prevent the collis-
sion, then the verdict will be for defendant was
favorable to plaintiff.

[Ed. Note.—For other cases, see Street Rail-
roads, Cent. Dig. §§ 258, 269; Dec. Dig. ☞
118(15).]

Appeal from McLennan County Court;
Geo. N. Denton, Judge.

Suit by Adams & Washam against the
Southern Traction Company. Judgment
for defendant, and plaintiff appeals. Af-
firmed.

Chas. B. Braun and Wm. R. Saunders,
both of Waco, for appellant. Nat. Harris
and Spell & Sanford, all of Waco, for ap-
pellee.

JENKINS, J. We take the following
statement of the nature and result of this
case from appellants' brief:

"This suit was brought by Adams & Washam,
appellants, plaintiffs in the court below, against
the Southern Traction Company, appellee, de-
fendant in the court below, for damages to an
automobile, alleged to have been caused by a
street car of the defendant company negligently
running into the said automobile. Plaintiff al-
leged, in substance, that as his automobile was
crossing the track of the said defendant com-
pany, a street car, owned and operated by the
said defendant, ran into the said automobile,
seriously damaging the same; that the street
car was being operated at a high and danger-
ous rate of speed, and that no gong was sound-
ed or warning of any kind given; that no ef-
fort was made to stop the said street car by the
operatives of the same when they saw the peril-
ous condition of plaintiffs' automobile upon the
track of defendant company; further, that the
defendant company negligently backed its street
car from off of the automobile after the colli-
sion, seriously damaging the automobile while
so doing. The defendant company denied all the
allegations of negligence, and specially pleaded
that the plaintiff was guilty of negligence in
the manner in which he ran his automobile up-
on the track of the defendant company. The
cause was tried before a jury, and submitted to
them upon a general charge of the court. The
jury returned a verdict for the defendant."

[1, 2] Appellants assign error as to the
charge of the court, in that it did not state
the issues made by the pleadings. The
charge of the court does submit the is-
sues raised, in that it informs the jury as
to what constitutes negligence and discov-
ered peril, and instructs them to find for
the plaintiffs if the motorman was negli-
gent in the operation of the car, or if,
after having discovered appellants' peril
he failed to use all the means at his com-
mand to prevent the injury; and also in-
structs the jury that if they find appel-
lants were guilty of contributory negli-
gence, to find for the appellee, unless they
find for the appellants as to discovered per-
il. No evidence was offered as to the
car's not being properly equipped with air
brakes. It is the better practice for the
court in its charge to distinctly instruct the
jury as to what are the issues involved.
The practice of referring the jury to the
pleadings for the issues is not to be en-
couraged. Electric Co. v. Nelson, 34 Tex.
Civ. App. 72, 77 S. W. 978; Manufacturing
Co. v. Femelat, 35 Tex. Civ. App. 36, 79
S. W. 869; McCarty v. Railway Co., 21
Tex. Civ. App. 568, 54 S. W. 421. How-
ever, it is not, generally speaking, such
affirmative error for the court to fail to
state the issues as will require a reversal.
Railway Co. v. Lehmberg, 75 Tex. 66, 12

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

S. W. 838; Railway Co. v. Alberti, 47 Tex. Civ. App. 37, 103 S. W. 701; Railway Co. v. Garcia, 54 Tex. Civ. App. 59, 117 S. W. 208. A case will not be reversed where there is no affirmative error in the charge. If either party is not satisfied with the charge as not being sufficiently explicit, it is his duty to request an additional charge, which was not done in this case as to the matter here under consideration. In Railway Co. v. Garcia, supra, the court said:

"If the court had omitted a material portion of the pleadings of the appellant in the statement of its defenses, this would not, of itself, have been an affirmative error, and, in the absence of a refusal to give a special charge covering the omission, there was no ground for complaint. A court is not required to state any more of the pleadings of the parties than he deems necessary; and, if there should be an omisssion, the party complaining should request a special charge before he will be heard to urge this omission on appeal as a ground for reversal."

[3] It was not error for the court to instruct the jury, as was done in the special charge given at the request of appellee, that the appellants could not recover unless appellee was guilty of negligence in some of the ways alleged in appellants' petition.

[4, 5] Appellants requested the following special charge, which was refused:

"Gentlemen of the jury, you are instructed that if you believe from the evidence that said street car, under all the circumstances, was operated by the defendant at a high and dangerous rate of speed, if you find it was so operated, and that but for the operation of said street car in such manner said collision would not have occurred, and that such operation in such manner, if it was, directly and proximately caused this collision, then in that event you will find for the plaintiff, and so say by your verdict."

The vice in this requested charge is that it is upon the weight of the evidence, in that it tells the jury that certain acts, if committed by the appellee, would constitute negligence; whereas, that was an issue for the jury to decide; and also it ignores the defense of contributory negligence. For these reasons the court did not err in refusing to give this charge.

[6] Appellants assign error upon the following paragraph of the court's charge:

"But on the other hand, if you find from the evidence that the plaintiff Washam was guilty of negligence in driving the automobile upon the tracks of the defendant, that is, if you believe from the evidence that the plaintiff Washam did not exercise that degree of care that a person of ordinary care would exercise under the same or similar circumstances in driving the automobile upon the tracks of the defendant company, and that such negligence upon the part of said plaintiff Washam, if any, contributed to and was the direct and proximate cause of the injuries to the said automobile; and if you further find from the evidence that after said motorman or employé did discover said perilous condition of said automobile, he did use all the means within his power to prevent said colllision—then your verdict will be for the defendant."

This charge was favorable to the appellants, assuming that the evidence raised the issue of discovered peril, which is doubtful.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.