**HINES, Director General of Railroads, v. HODGES. (No. 9717.)\***

(Court of Civil Appeals of Texas. Fort Worth. Jan. 14, 1922. Rehearing Denied Feb. 25, 1922.)

**1. Railroads ⬅️351(7)—Instruction on duty to keep watchman at crossing improperly refused.**

In an action for injuries at a crossing, court erred in refusing to instruct "that it was not the duty of the defendant to keep a watchman at the crossing in question unless such crossing was peculiarly or extraordinarily dangerous," where absence of watchman was a distinct ground of negligence relied on.

**2. Railroads ⬅️350(5)—Negligence in failing to station watchman at crossing held for jury.**

In action for injuries to an automobilist at crossing, whether the crossing was extra hazardous or dangerous, so as to require the railroad to station a watchman there, held for the jury.

**3. Trial ⬅️233(2)—Charge should not refer to petition for allegations of negligence.**

Court should not refer the jury to the petition for the allegations of negligence, but should embody the particular issues of negligence to be submitted in the charge.

**4. Trial ⬅️233(2)—Charge should not present grounds of contributory negligence by reference to answer.**

Charge should not present the several grounds of the defendant's plea of contributory negligence by reference to the defendant's answer, but should embody the particular issues to be submitted.

**5. Trial ⬅️260(8)—Special requests on contributory negligence held covered by charge given.**

In action for injuries to automobilist at railroad crossing, where the defense of contributory negligence was sufficiently presented, court did not err in refusing to give further special instructions.

**6. Trial ⬅️244(4)—Defendant entitled to group grounds relied upon as establishing contributory negligence, but cannot require court to emphasize each.**

While defendant railroad, sued for injuries to automobilist at crossing, would be entitled to group the several grounds relied upon as establishing his plea of contributory negligence, which there was evidence tending to support in an affirmative form, it cannot require the trial court to emphasize by special charge each separate fact constituting the group.

**7. Damages ⬅️216(8)—Charge authorizing damages by reason of incapacity to earn wages in future held proper under pleading.**

Where plaintiff alleged that he had "been permanently injured," and had "suffered great mental anguish and pain as a result," court did not err in giving a charge authorizing assessment of damages because of plaintiff's incapacity to earn wages in the future, in the absence of any special exception or objection to the petition.

**On Motion for Rehearing.**

**8. Trial ⬅️215—Instruction requiring general verdict improper where special issues submitted.**

In cases submitted on special issues it is improper to give an instruction requiring a general verdict.

**9. Trial ⬅️215 — Explanatory instructions proper where case submitted on special issues.**

Explanatory instructions as to law of the case are proper, and in some circumstances necessary, in cases submitted upon special issues, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

**10. Trial ⬅️232(2)—Charge held not to require general finding in case submitted on special issues.**

A requested charge, "You are charged that it was not the duty of the defendant to keep a watchman at the crossing in question unless such crossing was peculiarly or extraordinarily dangerous, and, unless you so find, you will not find the defendant guilty of negligence in this respect," was not subject to the objection that it required a general finding for the defendant within the meaning of those decisions condemning such charges in cases submitted on special issues.

**11. Appeal and error ⬅️930(3)—Finding in support of judgment held not to be presumed where issue covered by special issues submitted.**

Where negligence alleged was that defendant railroad did not keep a watchman at a crossing, or give warning signals, and obscured the crossing, and special issue submitted was "Were the defendant's agents and servants guilty of negligence in the operation of the train or the condition of the crossing where the accident occurred?" which was answered in the affirmative, it will not be presumed on appeal that the court found that the crossing was so dangerous and hazardous as to require a watchman; such issue being included within the issue submitted to the jury.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action by J. C. Hodges against Walker D. Hines, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

Weeks, Morrow, Weeks & Francis, of Wichita Falls, for appellee.

CONNER, C. J. Appellee sued to recover damages for personal injuries received at a public railroad crossing in or near Iowa Park, in Wichita county. He alleged that

the employés of the railroad company at the time were operating and moving a string of cars along a track over the public crossing in question, which, as the plaintiff was attempting to cross, ran into his automobile, injuring the same to the extent of $350, and also injuring the plaintiff's shoulder, arm and back, thereby inflicting permanent injuries, with the consequent loss of time, for all of which he claims damages in the sum of $5,000.

As grounds for the recovery, he alleged that the crossing was obscured by a string of cars on either side, and that the employés of the train were negligent in failing to give warning of the approach of the train by blowing the whistle or ringing the bell, and that defendant had placed no watchman at the crossing.

The defendant answered with a general denial, and pleaded contributory negligence, in that the plaintiff had failed to stop, look, and listen for the approaching train; that he was driving on the wrong side of the street, and had failed to use reasonable care in discovering the approaching train before the collision, which it was alleged he could have done by the use of ordinary care in time to have avoided any injury.

Upon the answers of the jury to special issues submitted to them, judgment was rendered in favor of the plaintiff for the sum of $1,500, and the defendant has duly prosecuted this appeal.

The fifth clause of the court's charge is as follows:

"It was the duty of the defendant and its agents and servants in charge of the train to exercise ordinary care to prevent any accident and consequent injury to persons and vehicles crossing the tracks of the defendant at Iowa Park. The care required is such as a reasonably prudent person would exercise under the same or similar circumstances, and you are charged that, if you find from the evidence that the defendant's agents and servants in charge of said train failed to exercise such ordinary care in either or any of the particulars charged in the plaintiff's petition, then you should answer special issue No. 1 in the affirmative. If you fail to so find, you should answer this issue in the negative. The plaintiff at the time of the injury charged was required likewise to exercise ordinary care for his own personal safety at the railway crossing—that is, such care as a reasonably prudent person would have exercised under the same or similar circumstances—and if you find and believe from the evidence that he failed to exercise such care in any or all of the particulars charged in the defendant's answer, and that such failure on his part was a proximate cause of his injury, and contributed thereto, then you should answer special issue No. 2 in the affirmative. If you fail to so find, you should answer it in the negative."

After which follows, among others, special issue No. 1, reading as follows:

"Were the defendant's agents and servants guilty of negligence in the operation of the train or the condition of the crossing where the accident occurred?"

To which the jury answered "Yes."

[1] Among others, the defendant requested the following special instruction, which the court refused, and to the refusal of which error is assigned:

"You are charged that it was not the duty of the defendant to keep a watchman at the crossing in question unless such crossing was peculiarly or extraordinarily dangerous, and, unless you so find, you will not find the defendant guilty of negligence in this respect."

We are of the opinion that the defendant was, under the circumstances, entitled to have this charge submitted to the jury. A distinct ground of negligence upon which plaintiff relied for recovery was a failure of the defendant to keep a watchman at the crossing in question, and, by a reading of special issue No. 1 in connection with the fifth paragraph of the court's charge, it may be seen that the jury were given the opportunity at least to consider and to affirm negligence on the part of the railroad company because of the failure to keep a watchman at the crossing. The evidence shows without dispute that no watchman in fact had been placed at this crossing, and it therefore became important to the defendant that the jury receive a proper instruction embodying the law relating to the subject.

This court, in discussing the duties of railroad companies relative to crossings in the case of C., R. I. & G. Ry. Co. v. Shockley (Tex. Civ. App.) 214 S. W. 716, had occasion to say this:

"The testimony introduced upon that issue is referred to in the opinion in the other case, but we are of the opinion that upon another trial the court should, in the charge submitting that issue, embody the idea that the duty to keep a watchman at a public crossing is not applicable except when such crossings are peculiarly or extraordinarily dangerous."

It was said upon the subject in Galveston-Houston Electric Ry. Co. v. Patella (Tex. Civ. App.) 222 S. W. 615, that:

"It seems to be settled by the authorities that railroad companies and street car companies can only be held negligent for failure to keep a watchman or maintain other warning devices at crossings where the circumstances surrounding the same are such as to make such crossing extra hazardous or extra dangerous."

See, also, Tisdale v. Panhandle & S. F. Ry. Co. (Tex. Com. App.) 228 S. W. 133.

[2] We have no statute which requires railroad companies to station watchmen at crossings of the kind in question; nevertheless under proper circumstances, the question of whether it is the duty of the railroad company to keep a watchman at a given

crossing is one for the jury; but nothing has been pointed out from the evidence in this case which renders the specially requested charge unimportant. The number of inhabitants of Iowa Park is not shown, nor is it shown that the crossing was in a populated part of Iowa Park, nor is it shown that there was continuous switching over the crossing, and the plaintiff testified that from the crossing it was some 300 feet to the main street going through the town. True, it was shown that an open view was obstructed by some stationary cars, and it was further shown that an actual or apparent congestion existed by certain passing wagons and teams which prompted the plaintiff to take the left-hand side of the road, but it was not shown how long the cars had been stationed so as to obstruct the view nor that the congested condition of the crossing, if any, was other than momentary; for all that appears in the evidence, such conditions may have been wholly temporary, and the testimony in behalf of the defendant was to the effect that, not only was the bell kept ringing, but also that a brakeman was on the end of the car as it approached, and gave a warning. So that, considering the circumstances as a whole, it cannot be said, we think, as a matter of law, that the crossing was extra hazardous or dangerous. At most, the question was one for the jury, to be submitted under a proper instruction explaining the law relating to the subject. To this, we think, the defendant was undoubtedly entitled, and that, as already stated, the court erred in refusing the special instruction, and that for such error the judgment must be reversed, and the cause remanded.

[3] In view of the reversal, we need not discuss the ruling of the court upon appellant's motion for continuance, but, to avoid error on another trial, we will briefly notice several other questions that have been presented. It is insisted that there was error in the fifth paragraph of the court's charge, in that it referred the jury to the petition for the allegations of negligence. The contention is that the charge should have embodied the particular issues of negligence to be submitted, and not left the jury to roam at will amongst the allegations of the pleadings. It has been several times determined that such practice is objectionable. To so do may result in the submission to the jury of an issue in support of which there is no evidence or insufficient evidence. So that, undoubtedly, the better practice is for the charge of the court to distinctly submit the particular issues of negligence alleged, and which, in the judgment of the court, the evidence is sufficient to so authorize. See Adams & Washam v. Southern Traction Co. (Tex. Civ. App.) 188 S. W. 275; Panhandle & S. F. Ry. Co. v. Morrison (Tex. Civ. App.) 191 S. W. 138.

[4] The charge also presented the several grounds of the defendant's plea of contributory negligence by reference to the defendant's answer, and what we have said in disposing of the charge relating to the issues of negligence as presented by the plaintiff also applies to this method of presenting the issue of contributory negligence, but these objections can, and doubtless will, be readily corrected upon another trial, and we need not, therefore, further discuss them.

The defendant also assigns error to the action of the court in refusing some 11 special instructions, the submission of which was requested. These instructions relate to the several grounds upon which the defendant's plea of contributory negligence is based. The several grounds of negligence were in fact submitted in the form of special issues, as requested by the defendant. But the special instructions to the refusal of which objection is made are explanatory of such special issues. To illustrate, we will give one of the special instructions which the court refused, to wit:

"You are instructed that, if you believe from the evidence that the said J. C. Hodges approached said crossing on the occasion of his injuries, if any, without looking or listening for the approach of a train, and you further believe from the evidence that by looking or listening he would have seen or heard said train in time to have prevented his injuries, if any, and you further believe that a man of ordinary prudence would, under the same or similar circumstances, have looked or listened for the approach of a train, then you are instructed to answer issue No. 2 'Yes,' and this would be true even though you may believe from the evidence that there were no whistles or bells or other signals given to announce the approach of the train, and that the train was being operated in a negligent manner."

It may be true, as we are inclined to hold, that the defendant is entitled to have an affirmative presentation of his defenses, even in cases submitted upon special issues, but we find no error in the rulings indicated last above. The court in his charge instructed the jury that the plaintiff was required to exercise at the crossing ordinary care for his own personal safety, and that, if the jury found from the evidence that he failed to exercise such care "in any or all of the particulars charged in the defendant's answer," and that such failure was a proximate cause of his injury, and contributed thereto, then they should answer special issue No. 2 in the affirmative, issue No. 2 being an inquiry as to whether the plaintiff had been guilty of contributory negligence. As already stated, the court submitted some ten or more special issues requested by the defendant. We will illustrate all by quoting one, to wit:

"You will please answer the following issues: First. Bearing in mind the charges on contributory negligence, find whether or not the plaintiff was guilty of contributory negligence in driving his automobile at the time and just

prior to the accident at the rate of speed that he did drive the same. Answer 'Yes' or 'No.' "

[5, 6] The presentation of the defense of contributory negligence, therefore, certainly seems to be all that the defendant had a right to ask in any view of the case. It would certainly be a great extension of the rule announced in the McGlamory Case, 89 Tex. 639, 35 S. W. 1058, and other cases following it, to hold that a defendant may submit each of several grounds upon which its plea of contributory negligence is based, each ground referring with approval to the court's definition of contributory negligence, and then, in addition thereto, have special explanatory charges given relating to the several grounds constituting the basis of the plea. To thus have done in the present case would have been to unduly emphasize defendant's plea. The plea in fact was but single. It was a plea of contributory negligence, and the grounds alleged were only evidence relied upon as supporting the plea. And, while the defendant would be entitled, we think, upon a proper request, to group the several grounds relied upon as establishing his plea, and which there was evidence tending to support in an affirmative form, he cannot require the trial court, to emphasize by special charge each separate fact constituting the group. Fort Worth Belt Ry. Co. v. Johnson, 59 Tex. Civ. App. 105, 125 S. W. 388.

[7] A further objection to the court's charge is that the jury were authorized thereby to assess damages because of plaintiff's incapacity to earn wages in the future, for the reason that such incapacity was not alleged. The plaintiff alleged that he had "been permanently injured" as a result of the accident, and had "suffered great mental anguish and pain as a result" of his injuries, to his damage in the amount stated in the petition. While we are inclined to the view that the general allegations of the plaintiff's petition in this respect were, in the absence of any special exception or objection, broad enough to authorize the admission of the evidence and the submission of the issue, yet the objections may be readily obviated by an amendment on another trial, and we will not elaborate the subject.

For the error of the court, however, first discussed, it is ordered that the judgment be reversed, and the cause remanded for a new trial.

On Motion for Rehearing.

It is not at all clear to our minds that it is necessary to say more than what we directly and by necessary implication said in our original opinion, but appellant's counsel have presented such an extended motion for rehearing, and argue it with such earnestness, that it may not be amiss to make the effort to amplify somewhat.

[8, 9] It is urged that special charge No.

8, for the refusal of which we reversed the judgment in this case, required a general finding of the jury—was on the weight of the evidence; that, inasmuch as no special issue of fact required a finding as to whether the crossing was extraordinarily dangerous, we must presume that the court found from the evidence this issue in favor of the appellee; and that the charge was indefinite, confusing, and misleading. There propositions are supported by numerous authorities, which have been subjected to as careful an examination as we have been able to give them, but which we think distinguishable from the case here. They very generally announce the rule that in cases submitted upon special issues it is improper to give an instruction requiring a general verdict. This court so held as early as December 1, 1906, over 15 years ago, in the cases of Bridgeport Coal Co. v. Wise County Coal Co., 44 Tex. Civ. App. 369, 99 S. W. 409, and Moore v. Pierson (Tex. Civ. App.) 93 S. W. 1007, and the rule has more than once been followed by this court since, so that, in writing our original opinion, we did not overlook the general rule stated. The most recent authoritative statement of the rules to be observed with reference to special instructions in cases submitted upon special issues is the case of T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188, by the Commission of Appeals, and approved by the Supreme Court. But that case, as it seems to us, is very clearly distinguishable from the present one. That was a suit by Harrington for damages resulting from personal injuries received at a street crossing, wherein the defendant, among other things, pleaded contributory negligence, and among other issues submitted issues Nos. 6, 7, and 8. Issue No. 6 required an answer to the inquiry of whether the deceased, Claude Harrington, "did any act or failed to do any act that contributed to the injury causing his death." Issue No. 7 required an answer to the inquiry of whether any act or omission of deceased Claude Harrington which immediately preceded the injury that resulted in his death amounted to negligence on his part, as that term had been defined in the charge. Issue No. 8 required a finding on the inquiry of whether such act or omission on the part of said Claude Harrington was the proximate cause of the injuries received by him.

The special charges contained in that case were two, reading as follows:

"(1) You are instructed that if you believe from the evidence that said Claude Harrington approached said crossing on the occasion of his death without looking or listening for the approach of a train, and you further believe from the evidence that by looking or listening he would have seen or heard said train in time to have prevented his injury and death, and you further believe that a man of ordinary prudence would, under the same or similar

circumstances, have looked or listened for the approach of a train, then you are instructed to answer questions Nos. 6, 7 and 8, 'Yes,' and this would be true even though you may believe from the evidence that there were no whistles or other signals given to announce the approach of the train, and that the train was being operated in a negligent manner.

"(2) You are instructed that, if you believe from the evidence that the view of the crossing and the approaching train were either wholly or partially obstructed, and you further believe that the deceased did not reduce the speed of his automobile to 6 miles an hour or less at a point not nearer than 30 feet from said track, and that such failure was the proximate cause of his death, you will answer questions Nos. 6, 7, and 8 'Yes,' and this would be true even though you believe from the evidence that no signals were given announcing the approach of the train, and that the train was being otherwise operated in a negligent manner."

An analysis of the opinion, we think, will show that the Commission held that the issue of proximate cause was one for the jury, and that the special charges took that issue away from the jury, and this, we think, is evident when special issues 6, 7, and 8 are examined with the special charges requested. For, as argued by the court in that case, even though the jury should find in answer to questions 6 and 7 that Harrington did some act that contributed to his injury, and that such act was negligent, nevertheless, in order for such finding to require a verdict for the defendant, it was necessary for the jury to go further and find whether such negligence was the proximate cause of his injury. As we construe the opinion, this was the essential ground of the Commission's holding. It is true there is in discussing the charges some general language used that, if misapplied, could perhaps be construed as condemning the charge we now have under consideration, but by such language we do not understand that it was the purpose of the Commission to condemn proper definitions and explanations in cases submitted on special issues. We have never understood it to be improper in a case submitted upon special issues for the court to define the terms "negligence," "contributory negligence," "burden of proof," etc. That was done in the Harrington Case, as well as in the case here, and no objection appears to have been taken.

The statute (Vernon's Sayles' Ann. Civ. St.) article 1984a, among other things specifically declares that:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

In M. K. & T. Ry. Co. v. Evans, 16 Tex. Civ. App. 68, 41 S. W. 81, writ refused, it was held by this court, in an opinion by Chief Justice Tarleton, that it was not error for the court to define the term "acquiesce,"

238 S.W.—23

as used in the lower court's charge.

In Salado College v. Davis, 47 Tex. 131, in an action for unlawfully overflowing the lands of plaintiff, it was held that it was the duty of the court to instruct the jury as to the meaning of the word "overflow."

In G. H. & S. A. Ry. Co. v. De Castillo (Tex. Civ. App.) 83 S. W. 25, it was held error to refuse an instruction defining "contributory negligence."

In a recent case by this court (Norton v. Houston [Tex. Civ. App.] 235 S. W. 963), in which a will was contested on the ground, among other things, of undue influence, we held that the court committed reversible error in failing to explain what was meant by "undue influence," even though in that case no special instruction on the subject was requested.

In Davis v. Hardwick, 43 Tex. Civ. App. 71, 94 S. W. 359, it was held that it was error for the court to fail to explain "what would amount to conversion." In disposing of the question, we said:

"We conclude that, under the peculiar facts of this case, the charge as a whole presented a misleading view, and that the specific objections above named are well taken. A failure of the court to define terms used in his charge will not ordinarily require a reversal. But this is not a rule of universal application. The duty of the court is to 'so frame the charge as to distinctly separate the questions of law from the questions of fact' and 'instruct the jury as to the law arising on the facts.' Rev. St. 1895, art. 1317. In cases where terms embody conclusions of law and when, as we think is the case here, a failure to explain or properly apply terms used in a charge is calculated to mislead a jury, or to induce a verdict predicated upon a misunderstanding of the proper application to be given to such terms, the court will reverse. Harrison v. Houston (Tex. Civ. App.) 91 S. W. 647."

What we said in the case last cited has, we think, application to the one now under consideration.

One of the specific acts of negligence alleged in the plaintiff's petition was:

"Plaintiff further alleges that defendant negligently and carelessly failed to keep a watchman at said crossing as it in duty bound was required to do."

And in the fifth clause of the charge the jury were plainly instructed that, if they should find that the servants in charge of the train "failed to exercise such ordinary care in either or any of the particulars charged in the plaintiff's petition, then you should answer special issue No. 1 in the affirmative," special issue No. 1 reading, as set out in our original opinion:

"Were the defendant's agents and servants guilty of negligence in the operation of the train, or the condition of the crossing where the accident occurred."

The condition of the crossing, as alleged, consisted of the fact that several strings of cars had been switched and left on each side of the crossing, and the further fact that no watchman had been placed at said point. The conclusion seems almost irresistible that under the charge the jury could, and very probably did, consider the failure of the defendant to have a watchman at the crossing negligent, under the circumstances, and, if so, they could very readily have answered issue No. 1 in the affirmative, regardless of their findings upon any other issue of negligence alleged or submitted. Under such circumstances, as we originally stated, we think it was the defendant's right to have the law relating to that subject explained. For it is undoubtedly true that the duty of the railroad company to maintain a watchman at crossings does not apply except where the circumstances surrounding the same are such as to make such crossings "extra hazardous or extra dangerous."

In addition to the authorities cited in our original opinion in support of this 'proposition, see, also, M., K. & T. Ry. Co. v. Magee, 92 Tex. 616, 50 S. W. 1013; M. K. & T. Ry. Co. v. Hurdle (Tex. Civ. App.) 142 S. W. 992; Central Tex. & N. W. Ry. Co. v. Gibson (Tex. Civ. App.) 83 S. W. 862; M., K. & T. Ry. Co. v. Bratcher, 54 Tex. Civ. App. 10, 118 S. W. 1091.

[10, 11] We do not think it can be said that the requested charge required a general finding for the defendant within the meaning of those decisions which condemn such charges in cases submitted on special issues. Thereunder the mind of the jury would have been directed first to ascertain whether or not, under all the circumstances, the crossing was extraordinarily dangerous or hazardous, and, if so, whether the defendant was negligent under all the circumstances, in failing to have a watchman at that time and place. · Should the jury fail to find that the crossing was extrahazardous, then, under a proper charge, they could understand that the duty of the railroad company to station a watchman there had not arisen, and therefore, that as to that issue, the answer should be in the negative. The requested charge was no more general than was the charge of the court to the effect that the burden of proof was upon the plaintiff to establish negligence in the particular charged, and that a failure to so do would entitle the defendant to a verdict on that issue. And so, too, is the charge that the burden of proof was upon the defendant to show that the plaintiff had been guilty of contributory negligence, and in event of a failure to so do, their verdict should be in favor of the plaintiff on that issue. Under the special instruction, the jury could have found in favor of the defendant on the issue of negligence in re-

spect to maintaining a watchman, and yet further found for the plaintiff upon other issues of negligence which would have fully supported the judgment. So, as stated, we do not think the special charge required a verdict for the defendant within the meaning of cases cited in behalf of appellee. Nor do we see that the special charge is objectionable in any other particular upon which it is assailed. It is insisted and urged that the evidence authorized the submission of the issue. This may possibly be true, but it does not follow that the special charge should have not been given. Nor do we think the appellant is entitled to the rule that, in the absence of a specific verdict, and in the absence of a request for the submission of the specific issue, it will be presumed that the court found in such way as to support the judgment. While there does not appear to have been a request for a specific submission of the issue of negligence in the failure to provide a watchman, the issue nevertheless was so submitted, as we have already seen, as to undoubtedly permit the jury to find negligence in this respect. Moreover, there is no allegation in the petition that the crossing was extra dangerous or hazardous. Nor does the petition set forth any state of facts which so shows, in the absence of which it might be said that the court erred in submitting the issue in any form.

Without further discussion, we think the appellee's motion for rehearing must be overruled.

---

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes