## ALDERETE et al. v. FIRST REAL ESTATE & INVESTMENT CO. (No. 1385.)

(Court of Civil Appeals of Texas. El Paso. Jan. 4, 1923. Rehearing Denied Jan. 25, 1923.)

**1. Appeal and error ⬖1051(3)—Admission of deed of married woman not acknowledged separate from husband held not reversible error.**

In trespass to try title, admitting in evidence in plaintiff's chain of title a deed from a married woman in which her husband did not join and which was not shown by the certificate of the officer taking the acknowledgment to have been acknowledged separately and apart from him as required by Rev. St. arts. 1114, 3700, and 6805, was not reversible error, where a later deed, conveying the same land from the only surviving heirs of the woman and her husband to the widow of the grantee in the first deed, was in evidence and admitted to be true,

subject to contradiction, and no contradictory evidence was produced.

**2. Trial ⬖219—Failure to define "privity" of estate held not misleading.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, providing that in submitting special issues the court shall give such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on the issues, in an action of trespass to try title, where plaintiff relied on the 10-year statute of limitations, Rev. St. art. 5862, an instruction following the words of the statutes that adverse possession need not be continued in the same person, but when held by different persons there must be privity of estate between them, in view of the fact that during the prescriptive period the possession was in only one person, was not misleading for failing to define "privity of estate."

**3. Appeal and error ⬖1067—When failure to define terms used in charge requires a reversal stated.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a, providing that in submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, although a failure to define terms used in a charge will not ordinarily require a reversal, a reversal is required in cases where terms used embody conclusions of law, or when there is a failure to explain, or define, or properly apply terms used, or where the terms used are calculated to mislead a jury or induce a verdict predicated upon a misunderstanding of the proper applications to be given such terms.

**4. Appeal and error ⬖926(2)—Maps assumed correct, in absence of objection thereto at trial.**

Where maps made by competent witnesses were used in evidence in the trial of an action of trespass to try title, and the witnesses in testifying referred to and testified with reference to the maps, and objects and lines of surveys delineated thereon, in absence of objection in the evidence to the use made of the maps or the references of the witnesses to the maps or the objects delineated thereon, it must be assumed on appeal that the maps properly show the location of the lines of the surveys, and the objects found and marked thereon.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by the First Real Estate & Investment Company against F. G. Alderete and others. From judgment for plaintiff as against defendants F. G. Alderete, individually and as administrator of the estate of Isaac Alderete, deceased, Rebecca J. Falvey, individually and as survivor in community of the community estate of herself and her deceased husband, F. A. Falvey, and C. L. Vowell, and overruling a motion of the named defendants for a new trial, the named defendants appeal. Affirmed.

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Burges & Burges and 'C. L. Vowell, all of El Paso, for appellants.

Winter, McBroom & Scott and Jos. U. Sweeney, all of El Paso, for appellee.

WALTHALL, J. [1] This is an action in trespass to try title brought by appellee, First Real Estate & Investment Company, a corporation, against F. G. Alderete, individually and as administrator of the estate of Isaac Alderete, deceased, Mrs. Rebecca J. Falvey, individually and as survivor in community estate of herself and her deceased husband, T. A. Falvey, and C. L. Vowell, Joe Dunn, and Joe Zelman, to recover title and possession of the lands described in the petition by metes and bounds and alleged to be a part of survey No. 190 in the Ysleta town grant, in El Paso county.

In order to understand some of the evidence and the accompanying maps, we state more fully the description of the land as found in the petition. It is alleged that the tract of land in controversy contains 11.53 acres, described as:

"Beginning at a point south 46° 45' east 10.3 varas from an iron pipe in the southerly line of the county road running between El Paso and Ysleta, and south 46° 45' east 104 varas from a telegraph pole marked 'A–327'; thence south 46° 45' east 53.9 varas along the southerly line of said county road to the north or northwesterly corner of land set aside to N. M. Madrid by a judgment in the case above referred to (Madrid v. Manuella Luna de Apodaca); thence south 34° 1,220.1 varas to the bank of the Rio Grande river; thence up the said bank 88° 55' west 63.3 varas; thence north 34° east 1,266.4 varas to the place of beginning, being the same land conveyed by warranty deed by Joe Dunn. to E. E. Elias, dated February 24, 1913 (giving the book and page where recorded) and by Elias and wife to Joe Zelman, by deed dated November 8, 1913 (stating the book and page where recorded) and by Joe Zelman conveyed by warranty deed dated November 24, 1913, to H. E. Cornwall (stating book and page of record) said records referred to and made a part hereof."

Appellee also claimed prescriptive title in itself under the 3, 5, and 10 years' statutes of limitations.

Appellee sued Joe Dunn and Joe Zelman as warrantors of the title held by it, alleging that it holds title from Joe Dunn through W. B. Wagoner to E. E. Elias, and from Elias to it, and that it holds title from Joe Zelman through H. E. Cornwall to it;. and further alleging that if it should be unable to maintain its cause of action, and should Alderete, Mrs. Falvey, and Vowell recover the said land, in that event Joe Dunn and Joe Zelman have failed to keep the covenants recited in their deeds, and in that event it sues Dunn and Zelman for its damages sustained, and also sues to recover the value of permanent and valuable improvements alleged to have been made in good faith.

The case was originally filed in the Thirty-Fourth district court but later duly transferred to the Sixty-Fifth district court.

Appellants Alderete, individually, and as executor of the estate of Isaac Alderete, deceased, Mrs. Rebecca J. Falvey, individually, and as survivor in community of the estate of T. A. Falvey, deceased, and C. L. Vowell answered by pleas of general demurrer, not guilty, general denial, and by cross-action severally set up title in themselves to the land in controversy, alleging same to be parts and parcels of survey No. 191 in the Ysleta town grant, and not of survey No. 190, as alleged by appellee.

Joe Dunn answered by general demurrer and general denial. Joe Zelman answered by general demurrer and general denial, and set up an action against Joe Dunn as warrantor of title, and prayed judgment over against said Dunn in the event judgment should be against him. Zelman also pleaded the 4 years' statute of limitations in answer to plaintiff's petition.

The case was tried with a jury and submitted upon special issues, and, on the answers returned, judgment was rendered that appellee take nothing for its damages against defendants; that appellee take nothing in its suit on the warranty against Dunn and Zelman; that appellee recover of Alderete, individually, and as said administrator, and recover of Mrs. Falvey, individually, and as survivor of said community estate, and recover of C. L. Vowell, the land in controversy and described above; and that appellee recover of all defendants sued individually and in the capacities sued, all costs, except that as noted.

Alderete and Mrs Falvey, individually, and in their said representative capacities, and Vowell filed a motion for new trial, which was by the court overruled, and notice of appeal duly given.

Appellee deraigns title from the corporation of the town of Ysleta and through Jose Luna, and later through all of the heirs of Jose Luna and Pantaleona Luna conveying to Manuella Luna, widow of Francisco Yrigollen, under whom appellee holds title. It is insisted by appellant that it was reversible error to admit in evidence over objection the deed from "Mrs. Pantaleona Luna," as being irrelevant and immaterial and not sufficient to pass the title, as the deed purports to be the deed of a married woman and in which the husband did not join, there being no acknowledgment thereof taken separate and apart from her husband. The certificate of the officer taking the acknowledgment of "Mrs. Pantaleona Luna" does not show the facts prescribed by articles 1114, 3700, and 6805, R. S., for taking the acknowledgment of a married woman. The conveyance itself purports to be a deed from Pantaleona Luna to Francisco Yrigollen conveying the land

in controversy, and, after reciting the calls by metes and bounds, proceeds: "Said land having been deeded by the town of Ysleta to Jose Telles, by the latter to Jose Luna, and by him to his wife, Pantaleona Luna." The deed was executed February 21, 1903, and duly recorded in March, 1905. There is nothing in the record to show that when the deed was executed and the acknowledgment taken Jose Luna was then alive or that Pantaleona Luna was then a married woman, other than the form of acknowledgment as above. But the record further shows a later conveyance of the land in 1907, from a number of grantors joining in a deed conveying to Manuella Luna, and reciting the grantors to be the only surviving heirs at law of Jose Luna and Pantaleona Luna. The deed to Manuella Luna is a link in appellee's title. It was agreed by all parties that the recital in the deed of heirship and in a former judgment then in evidence are, prima facie evidence that same is true, subject to contradiction, and no contradictory evidence was adduced. The facts found in the record do not show reversible error by reason of the admission in evidence of the deed of Pantaleona Luna to Francisco Yrigollen, because such deed was immaterial in view of the subsequent deed by the heirs.

[2] By the second and third propositions error is asserted in the failure of the court to define the word "privity" as used by the court in its charge in submitting to the jury the issue of peaceable and adverse possession of appellee, under its plea of the statute of limitations of 10 years. The court instructed the jury as to peaceable possession, and adverse possession, in the verbiage of the statute. Then proceeding said:

"Peaceable and adverse possession need not be continued in the same person, but when held by different persons successively there must be a privity of estate between them."

The court did not anywhere in the charge define the word "privity" as used in the above charge. The appellant submitted a special charge defining the word "privity" which the court refused to give. The court in the charge, it will be noted, followed the verbiage of the statute, article 5682. Appellants refer us to no case suggesting the necessity for a charge defining the word "privity" or the expression "privity of estate," in which the word is used, and we have found none. Article 1984a, Vernon's Sayles' Revised Civil Statutes of Texas, reads in part as follows:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

The portion of the charge in which the expression "privity of estate" is used was itself in definition and qualification of the word "possession," and the statute does not further define the word or expression used, nor the qualification given. The test for further definition and explanation of words used in submitting special issues, by provision of the statute, is one of "necessity to enable the jury to properly pass upon and render a verdict on such issues." The issue submitted by the court to the jury, in which the above expression is found, was the issue of adverse and continuous possession, by appellee, of the premises in controversy, for the period of 10 years.

[3] A failure of the court to define terms used in his charge will not ordinarily require a reversal. Such, however, seems not to be a rule of universal application. A reversal is required in cases where terms used embody conclusions of law, or when there is a failure to explain or define or properly apply terms used, or where the terms used are calculated to mislead a jury or induce a verdict predicated upon a misunderstanding of the proper applications to be given to such terms. For cases we have reviewed in which the principles bearing upon the issue here presented are discussed see: Davis v. Hardwick, 43 Tex. Civ. App. 71, 94 S. W. 359; Norton v. Houston (Tex. Civ. App.) 235 S. W. 963; Ry. v. De Castillo (Tex. Civ. App.) 83 S. W. 25; Salado College v. Davis, 47 Tex. 131; Hines v. Hodges, 238 S. W. 349; Ry. v. Casey (Tex. Civ. App.) 172 S. W. 729; J. M. Guffey Petroleum Co. v. Dinviddie (Tex. Civ. App.) 182 S. W. 447; Calvin v. Neel (Tex. Civ. App.) 191 S. W. 791; Hovey v. See (Tex. Civ. App.) 191 S. W. 606; Ry. Co. v. Dawson (Tex. Civ. App.) 201 S. W. 247; Ry. Co. v. Estes (Tex. Civ. App.) 203 S. W. 1155; Bay Lumber Co. v. Snelling (Tex. Civ. App.) 205 S. W. 763.

We think the jury could not have been misled by the failure to define the word "privity." This is especially true in view of the fact that all of the evidence shows that during the prescriptive period (1880 to 1890 inclusive) the possession was in only one person, to wit, Jose Luna.

The remaining propositions challenge the sufficiency of the evidence to sustain the jury's findings and the judgment rendered thereon, based on the statute of limitations of 10 years. In answers to the issues submitted, the jury found in favor of appellee, and against appellants, on its plea of the statute of limitations of 10 years, and that the years included within the prescriptive period were from 1880 to 1890 inclusive.

[4] We find in the record, and used in evidence, three maps made by competent witnesses, and the witnesses in testifying referred to and testified with reference to the maps, and in explanation of the maps, and the objects delineated thereon and the directions from the corners and lines of surveys 190 and 191, and objects found and designated on the maps, such as the G., H. & S.

A. Railroad, electric railroad, the county road, telegraph pole, fences, houses, etc. No objection is found in the evidence as to the use made of the maps, or the references of the witnesses to the maps or the objects delineated thereon, and we must assume that the maps properly show the location of the lines of the surveys, and the objects found and marked thereon. We think we need not state the record titles of the parties, more than to say that the title to the land in controversy passed out of the state by special acts of the Legislature and acts amendatory thereof, and by patent from the state to the inhabitants of the town of Ysleta. Appellee deraigns its title from the town of Ysleta through Jose Telles of date August 9, 1873, and from Telles to Jose Luna of date January 15, 1876, duly recorded, and by mesne conveyances, and judgments in partition suits between parties at interest in the land in controversy, to appellee.

We have closely and carefully examined the evidence with reference to its occupancy and adverse possession by the predecessors in interest of appellee during the prescriptive period of 10 years, as submitted by the court to the jury, and have concluded that the evidence creates a submissible issue on 10 years' possession as farming lands during the years beginning prior to 1880, and continuing through the intervening years up to and including the year 1890. The witnesses fixed the time of such occupancy of the land and its location by well-known facts, such as the building of the G., H. & S. A. Railroad in the vicinity of the said lands and the county road extending between the towns of El Paso and Ysleta, and other objects.

True, other witnesses testified in reference to the same facts and in contradiction as to the lands occupied and cultivated by Jose Luna and others, but the court and jury heard the evidence and found the facts to be as stated in the verdict, but we cannot say that the evidence of appellants is so preponderating in their favor as to justify this court in reversing and remanding the case.

Finding no reversible error, the case is affirmed.