**KIRBY et al. v. FITZGERALD et al.**

No. 2755.

Court of Civil Appeals of Texas. El Paso.

Jan. 19, 1933.

Rehearing Denied Feb. 16, 1933.

See, also (Tex. Civ. App.) 35 S.W.(2d) 763.

Bullington, Humphrey & King, of Wichita Falls, and I. M. Williams and Jed C. Adams, both of Dallas, for Fitzgerald, trustee.

Rosser J. Coke, of Dallas, for First Nat. Bank.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for Dr. Pepper Co.

W. L. Thornton, of Dallas, for S. W. Sibley.

Andrews, Streetman, Logue & Mobley, of Houston (J. G. Logue and E. J. Fountain, Jr., both of Houston, of counsel), for Kirby & Carlton.

WALTHALL, Justice.

Miss Grace Fitzgerald, as trustee in bankruptcy of the estate of Collin County Realty Company, a corporation, bankrupt, by her second amended original petition, sues John Henry Kirby, O. S. Carlton, S. W. Sibley, the Dr. Pepper Company, a corporation, and the First National Bank of Dallas, Tex., for judgment against defendants John Henry Kirby, O. S. Carlton, S. W. Sibley, and Dr. Pepper Company for the title, possession, and delivery to her as such trustee, of certain shares of the common stock of the Dr. Pepper Company, stating the number of shares, alleged to be owned by the Collin County Realty Company, and in the alternation, in the event defendants have placed said shares of stock beyond their control, or be not in a position to deliver same to plaintiff, that plaintiff have judgment in damages against defendants for the value of said shares of stock in the amount alleged, with interest; further, that plaintiff have judgment against defendants Kirby, Carlton, Sibley, and the Dr. Pepper Company, for the redemption value of certain other cumulative preferred shares of stock, stating the number of shares in the value per share as of the date stated, with interest.

We think it well to here briefly state some matters as history of this case preliminary to a statement of the issues on the merits.

Plaintiff states that the Collin County Realty Company was duly incorporated and the date of its incorporation, the filing of its petition in bankruptcy to be adjudicated a bankrupt, that it was duly adjudicated a bankrupt, plaintiff's appointment as trustee of said bankrupt estate and effects, plaintiff's quali-

fication as such trustee; that plaintiff was empowered and authorized by the United States District Court for the Northern District of Texas to bring this action. Defendants Kirby and Carlton each pleaded their privilege to be sued in Harris county, and on a hearing said pleas were overruled, and on appeal the ruling on the pleas were sustained. This cause went to trial before a jury, and in accordance with the verdict the district court entered a judgment in favor of plaintiff and against Kirby, Carlton, and Sibley, jointly and severally, for the sum of $381,844.74; that being the value as found by the jury of the shares of stock of the Dr. Pepper Company received by Kirby, together with the dividends he had received thereon, and the redemption value of certain preferred stock transferred to him by Sibley. The judgment was in favor of the Dr. Pepper Company and the First National Bank of Dallas, successor to American Exchange National Bank of Dallas. From the judgment against Kirby and Carlton an appeal was perfected to the Dallas Court of Civil Appeals. From the judgment in favor of the Dr. Pepper Company, plaintiff Miss Grace Fitzgerald, trustee in bankruptcy, sued out a writ of error. The record in the two appeals being identical, the Court of Civil Appeals at Dallas consolidated the two appeals.

The record of the transactions leading up to the filing of this suit shows substantially the following: The Collin County Realty Company was organized as a Texas corporation on August 31, 1922, with a capital stock of $100,000. On January 23, 1925, by amendment of its charter its capital stock was increased to $200,000. Originally defendant S. W. Sibley was the owner of substantially all of the capital stock, but at the time of the amendment increasing the capital stock W. T. Ravencraft, trustee, subscribed for and owned $49,500 of the capital stock. At one time defendant John Henry Kirby owned one-half of the capital stock of the company. Defendant S. W. Sibley was one of the directors of the corporation at all times from its organization. From and after March 24, 1924, T. J. Cole was president of the corporation's board of directors until his death in May, 1926. The Collin County Realty Company became financially involved during 1925 and 1926. The corporation was adjudicated a bankrupt on May 30, 1928, and Grace Fitzgerald was appointed trustee.

At the time of its adjudication a bankrupt, it had no assets except ten shares of the preferred stock of the Dr. Pepper Company and this cause of action. Its scheduled debts amounted to $168,975.

Prior to March 14, 1925, the Collin County Realty Company owned 6,868¾ shares of the common stock of the Dr. Pepper Company and 543¾ shares of its preferred stock. This stock had been issued to and stood in the name of the Collin County Realty Company on the books of the Dr. Pepper Company, and so remained until it was transferred under the order of defendants S. W. Sibley and O. S. Carlton to defendants John Henry Kirby and O. S. Carlton. During a portion of the time involved in these transactions, John Henry Kirby, O. S. Carlton, and S. W. Sibley were each directors of the Dr. Pepper Company. O. S. Carlton was its president until January 1, 1927.

On March 14, 1925, S. W. Sibley executed his personal promissory note, signed individually, to O. S. Carlton, for the principal sum of $35,000, due six months after date. The note recited a pledge of 550 shares of the preferred stock and 4,000 shares of the common stock, of the Dr. Pepper Company. The note was payable to the.order of O. S. Carlton at Houston, Tex. At the time this note was executed none of the stock referred to was actually delivered to Carlton, and at that time stood in the name of the Collin County Realty Company on.the books of the company. After the maturity of the note Carlton assigned it to John Henry Kirby. Following the above transaction, O. S. Carlton executed a series of notes aggregating the sum of $35,000, indorsed by John Henry Kirby, and delivered same to S. W. Sibley; Sibley used these notes at various banks in obtaining funds for his own personal use. At the time of the execution of the Sibley note to Carlton the stock referred to was not delivered, but was then in the possession of T. J. Cole, president of the Collin County Realty Company. Sibley had access to the safe and stock.

After the execution of the Sibley-Carlton note, and while Carlton was president of the Dr. Pepper Company,· and, as found by the jury, said stock was then owned by the Collin County Realty Company, Sibley secured possession of 6,868¾ shares of the common stock and 550 shares of the preferred stock of the Dr. Pepper Company and delivered same to Carlton as security for his note. At the time the stock was delivered to Carlton the certificates were assigned to him as "trustee." What purported to be a copy of a resolution of the Collin County Realty Company authorizing the transfer of the stock to Carlton, trustee, was secured by the brokerage firm of C. H. Thomas & Co. and transmitted with the certificates to the St. Louis Union Trust Company, the transfer agents of the Dr. Pepper Company. The Dr. Pepper Company refused to make the transfer upon the books to Carlton and requested information as to the nature of the trust; thereupon Carlton, through said brokerage company, requested the stock transfer be made to Carlton and Kirby, which was done by St. Louis Union Trust Company. Later the stock was transferred in the name of John Henry Kirby.

The notes to Sibley in exchange for the Sibley notes to Carlton were not delivered to

the Collin County Realty Company, nor were the proceeds thereof used for the benefit of the Collin County Realty Company, but were applied to the personal use of Sibley.

Kirby sued Sibley, personally, and secured judgment on the $35,000 note, with foreclosure of the pledge upon the shares of stock, except as to 6¼ shares of the preferred stock, appropriated by Carlton. The Collin County Realty Company was not a party to the suit. The stock was sold under the Kirby judgment and at the execution sale purchased by Kirby, the common stock for $2,500, and the preferred stock for $10,000, and credited on the judgment. Thereafter Kirby asserted ownership in said stock. At the time of the above judgment and sale the Collin County Realty Company had been adjudged a bankrupt. The general manager and the transfer agent of the Dr. Pepper Company were informed by Miss Grace Fitzgerald on September 14, 1929, that the shares of stock, then standing in the name of Kirby, were the property of the Collin County Realty Company. Such information was received by the Dr. Pepper Company prior to the redemption of the preferred stock and the issuance to Kirby of the preferential rights upon the common stock.

On September 7, 1929, the capital stock of the Dr. Pepper Company was increased and a preferential right offered to the record common shareholders, 70,000 shares of the common stock at $12 per share. On the same date the Dr. Pepper Company passed a resolution to redeem the preferred stock for par and accrued dividends up to November 15, 1929.

Under the above increase of the capital stock, price, and resolution, Kirby, on January 15, 1930, received $66,428 for the redemption value of 543¾ shares of the preferred stock, and subscribed for and had issued to him 6,868¾ shares of the common stock. Kirby also received dividends in the total sum of $17,858.75, upon the common stock held by him and transferred from the Collin County Realty Company.

Plaintiff alleged, in substance, that Carlton, Kirby, and Sibley, had entered into an unlawful agreement to acquire the stock from the Collin County Realty Company for their personal use and benefit; that Sibley unlawfully pledged this stock owned by the Collin County Realty Company as security for a personal obligation owing by him, and that Kirby and Carlton were both cognizant of such facts.

Defendants filed separate answers; each answered by general denial, and special defensive matters.

The pleadings are too extensive to state the issues joined. The issues are sufficiently reflected in the special issues submitted on the trial. Some issues submitted the jury did not answer.

The jury found:

1. The Collin County Realty Company owned the 6,868¾ shares of common stock and the 543¾ shares of the preferred stock of the Dr. Pepper Company at the time Sibley delivered such shares to Carlton as security for the $35,000 note.

2. The highest market value per share of the common stock of the Dr. Pepper Company after the increase and sale of the 70,000 additional shares to the time of trial was $50.

3. The fair market value per share of the common and preferred stock of the Dr. Pepper Company purchased by Kirby, at the time purchased, on July 3, 1928, was, common stock, $10, preferred stock, $60.

4. The present value per share of the common stock of the Dr. Pepper Company is $27.50.

5. "Do you find and believe from a preponderance of the evidence that S. W. Sibley delivered the stock certificates in question in pledge to O. S. Carlton and John H. Kirby with the knowledge and consent of the officers of said Company having authority to consent thereto? Answer 'yes' or 'no' as you find the fact to be." To this question No. 5, the jury made no answer.

6. The $35,000 note executed by Sibley (to Carlton) was not so executed for the use and benefit of Collin County Realty Company with the knowledge and consent of the officers of said company having authority to consent thereto.

7. "Do you find and believe from a preponderance of the evidence that the proceeds of the notes for $35,000.00, executed by Carlton and endorsed by Kirby, were used in whole or in part, for the benefit of Collin County Realty Company? Answer 'yes' or 'no,' as you find the facts to be." The jury made no finding to question 7.

8. The Collin County Realty Company did not, acting through T. J. Cole, its president, authorize and consent to the delivery by Sibley to Carlton and Kirby of the stock delivered by him to them in consideration of an agreement upon the part of Sibley to use the notes executed by Carlton and indorsed by Kirby, for the benefit of Collin County Realty Company.

9. Sibley agreed with Carlton at the time of the delivery to him of the common stock in excess of 4,000 shares that such excess stock should be held in pledge on account of the deficiency in the preferred stock Sibley had agreed to deliver to Carlton and Kirby.

10. Sibley never delivered to Carlton and Kirby certificates for more than 543¾ shares of the preferred stock, in Dr. Pepper Company, under his agreement with Carlton.

11. Kirby did not, from the time when the stock certificates in question were delivered

to him, claim the same adversely to every one except Sibley.

12. Kirby, from the time the stock certificates in question were delivered to Carlton, claimed the same adversely to every one except Sibley.

13. Carlton did not, from the time when the stock certificates in question were delivered to him, claim the same adversely to every one except Sibley.

14. After the death of T. J. Cole, the officers, directors, and stockholders of Collin County Realty Company abandoned the corporate enterprise and turned over to Sibley the assets of said corporation to be disposed of by him in whatever manner and for whatever purpose he saw fit.

15. Sibley, Carlton, and Kirby entered into an agreement whereby Sibley was to take the common and preferred stock of the Dr. Pepper Company standing in the name of the Collin County Realty Company and pledge the same as security for the note of $35,000.

16. Carlton and Kirby, at the time of such agreement, knew that such stock was the then property of the Collin County Realty Company.

17. "Do you find and believe from a preponderance of the evidence that the St. Louis Trust Company, transfer agent of the Dr. Pepper Company, was given authority by the Board of Directors of the Collin County Realty Company to transfer the stock from the name of O. S. Carlton, Trustee, to John H. Kirby and O. S. Carlton? Answer yes or no." To question 17, the jury made no answer.

18. The officers and directors of the Collin County Realty Company, other than Sibley, first learned of such transfer (apparently inquired about in question 17) in 1928.

19. "Do you find and believe from a preponderance of the evidence that S. W. Sibley acquired from Collin County Realty Company title to the Dr. Pepper Stock which was put up as collateral for the S. W. Sibley note of $35,000.00 in 1925? Answer yes or no." The jury made no answer to question 19.

20 and 21. The Collin County Realty Company was negligent in permitting Sibley to have possession and control of the Dr. Pepper stock, and such negligence was the proximate cause of the injury or damage sued for against the Dr. Pepper Company.

22. The St. Louis Union Trust Company exercised ordinary care in transferring the stock into the name of Carlton and Kirby.

The court defined to the jury the terms "ordinary care," "negligence," "proximate cause," "in a natural and continuous sequence," and "new and independent cause," as used in the charge.

23. "Do you find and believe from a preponderance of the evidence that on or about the 16th day of December, 1928, N. G. Land-

rum and S. W. Sibley executed a copy of a resolution of the Board of Directors of the Collin County Realty Company directing the transfer of the Dr. Pepper stock into the name of Carlton and Kirby to be forwarded to the St. Louis Union Trust Company? Answer yes or no." To question 23, the jury made no answer.

24 and 25. The jury made affirmative answer to question 24, submitting whether the Collin County Realty Company, after discovering in December, 1926, that the stock had been pledged to secure the $35,000 Sibley note, was negligent in not notifying or conveying such information to the St. Louis Union Trust Company and in failing to take any steps or action in respect thereto to put St. Louis Union Trust Company on notice thereof until after the Collin County Realty Company had been adjudged a bankrupt, but failed to find whether such negligence was the proximate cause of the transfer of the stock to Carlton and Kirby.

26. Certificate No. 210 for 2,500 shares of the common stock of the Dr. Pepper Company standing in the name Collin County Realty Company was actually not the property of Sibley.

27. In transferring the stock into the name of Kirby and Carlton, the St. Louis Union Trust Company acted in good faith.

The court overruled motions of Carlton and Kirby for judgment, and on the verdict of the jury rendered judgment for plaintiff against Kirby, Carlton, and Sibley, in the sum of $381,844.74. Judgment was rendered in favor of the Dr. Pepper Company and the First National Bank. Motions of Kirby and Carlton for new trial were overruled, to which they excepted, and prosecute this appeal.

We have concluded that the case must be reversed and remanded for reasons hereafter stated, but think to state our views on the matters presented.

## Opinion.

Under their forty-nine assignments of error, appellants John Henry Kirby and O. S. Carlton submit twenty-two propositions upon which their appeal is predicated.

Appellants' first four propositions, while not altogether analogous, and depending upon different facts, may be discussed together; they each question the right of appellee, the trustee in bankruptcy, to maintain this suit.

The first two propositions are to the effect that the trustee in bankruptcy can stand in no better position than the bankrupt corporation and that where the bankrupt corporation consented to the taking of the Dr. Pepper Company certificates of stock by Sibley, its vice president, and principal owner of the Realty Company stock, no action for conversion will lie. The third proposition is to the effect

that prior to the bankruptcy of the realty corporation its entire corporate enterprise was abandoned, and its officers, directors, and stockholders turned all its assets over to Sibley to be disposed of by Sibley in whatever manner and for whatever purpose he saw fit, and for such reasons no judgment in favor of the trustee can be sustained.

The fourth proposition submits that "one having sued for a conversion treats the alleged unlawful appropriation of the property by defendants as having divested plaintiff of title and cannot sue in the same suit, and especially when not in the alternative, for the property or attempt to trace the proceeds of the property."

In discussing these several propositions we must look to the findings of the jury for the facts involved in the proposition. If the fact or facts involved in the proposition are not among the jury findings, or admitted, the proposition would be without merit.

■■ We think it might be admitted as a sound proposition of law that the trustee in bankruptcy stands in a similar relation to the property of the bankrupt as does the bankrupt. His position is peculiar; he takes the place of the bankrupt, being vested by operation of law with his title; the law imposes on the trustee the duty of taking into his possession property and assets belonging to the estate of the bankrupt, and of instituting suits for the purpose of collecting and reducing to money the estate property. Texas Jurisprudence, vol. 6, par. 4, and cases cited. All choses in action which are assignable and right of action founded on fraud, the right to recover property belonging to the bankrupt which has been illegally transferred to another, go to its trustee. Under the provisions of the bankrupt act the trustee is vested with property which the bankrupt "could by any means have transferred." Texas Juris. vol. 6, par. 15; First Nat. Bank v. Lasater, 196 U. S. 115, 25 S. Ct. 206, 49 L. Ed. 408.

If the Collin County Realty Company was the real owner of the shares of the Dr. Pepper Company at the time Sibley delivered it to Carlton as security for his note, as found by the jury in its first finding, the trustee had the right, by a proper action, to recover it or its value, unless his right is defeated by some act of omission or commission of the bankrupt corporation.

The second proposition submits that the corporation consented to the taking of the stock by Sibley, and for that reason an action for conversion is not sustained.

The third proposition submits that, on the jury's findings, the corporate enterprise was abandoned and the officers, directors, and stockholders turned all the assets over to Sibley to be disposed of as Sibley saw fit, and on such finding no judgment in favor of the trustee can be sustained.

The issues submitted and included in the propositions are numbers 5, 8, and 14. No. 5 was not answered. On issue 8 the jury found that the corporation acting through T. J. Cole, its president, did not authorize and consent to the delivery by Sibley to Carlton and Kirby of the Dr. Pepper stock, as submitted in the proposition. On issue 14 the jury found that after the death of T. J. Cole "the officers, directors, and stockholders of the Collin County Realty Company abandoned the corporate enterprise and turned over to Sibley the assets of said corporation to be disposed of by him in whatever manner and for whatever purpose he saw fit." On other issues the jury found that at the time the stock was pledged to secure the Sibley note, Carlton and Kirby knew that the stock pledged was then the property of the Collin County Realty Company. The finding necessarily included the shares of stock of the Dr. Pepper Company owned by the realty corporation at the time of such abandonment and turning over to Sibley of its remaining assets.

To appellant's propositions that under such findings "no action for conversion can be had," and "no judgment in favor of the trustee can be sustained," the appellee trustee submits that: "A corporation is without authority to consent to the pledge of its assets by one of its officers as security for his personal indebtedness, and such pledge can be set aside by the corporation or any judgment creditor thereof," and "the abandonment of the corporate enterprise by the officers, directors and stockholders of a corporation and the delivery of the corporate assets to one of the directors creates such director a trustee to dispose of said corporate assets for the benefit of the stockholders and creditors of such corporation. Such assets thereupon become a trust fund and such officer is without authority to appropriate such assets to his personal use or pledge same for his personal indebtedness."

The sufficiency of the evidence to justify the submission of the above issues to the jury and to sustain their findings are not questioned. The question presented is as to their legal effect.

■ We do not attribute much force to the finding, as affecting the corporate property, "that the officers, directors and stockholders of the Collin County Realty Company abandoned the corporate enterprise." Such abandonment did not have the effect to dissolve the corporation nor to change or affect the rights and duties of its officers with respect to its assets. So far as the estate of the corporation is concerned, it could mean only that there was a final and complete cessation, a failure to go on in the purpose for which the corporation was organized. Here we are dealing only with the property of the corporation after it has ceased to function and become

bankrupt, and the title and right of possession, not otherwise legally disposed of, has passed from the corporation and its officers into the trustee in bankruptcy. Under the finding that the officers, directors, and stockholders "turned over to Sibley the assets of the corporation to be disposed of by him in whatever manner and for whatever purpose he saw fit," the difficult and crucial question is presented as to the rights of the corporation, and those of Sibley and Carlton and Kirby, to whom Sibley pledged the corporate assets.

Under the sixteenth jury finding at all the times Carlton and Kirby were dealing with Sibley with reference to the Dr. Pepper stock they knew that said stock was then the property of the Collin County Realty Company.

The Collin County Realty Company is a domestic corporation organized under the Texas statutes. Under article 1320, it had the power to purchase, hold, sell, mortgage, or otherwise convey such real estate and personal estate "as the purposes of the corporation shall require," and "to enter into any obligation or contract essential to the transaction of its authorized business."

■ Under article 1349 the corporation is inhibited from using its assets for any purpose other than to accomplish the legitimate business of its creation. As we view it the statute enacts a limitation upon the power of the corporation in the matter of its property that it shall not divert its funds from that declared in its charter, and, to do otherwise than permitted, the corporation would be acting beyond the ambit of its corporate powers. Starke v. J. M. Guffey Petroleum Co., 98 Tex. 542, 86 S. W. 1, 4 Ann. Cas. 1057, and statutes and cases cited; Farracy v. Security Nat. Bank of Dallas (Tex. Com. App.) 29 S.W.(2d) 1073, affirming (Tex. Civ. App.) 4 S.W.(2d) 351, on the point involved here; W. C. Bowman Lumber Co. v. Pierson et al., 110 Tex. 543, 221 S. W. 930, 11 A. L. R. 547; Northside Railway Co. v. Worthington, 88 Tex. 562, 30 S. W. 1055, 53 Am. St. Rep. 778.

We have concluded that the act of the abandonment by the corporation of its corporate enterprise, and the turning over to Sibley the assets of the corporation to be disposed of by him as he saw fit and Sibley's pledge of the Dr. Pepper shares of stock to Carlton and Kirby, in no way affected the title or right to the possession of such shares of stock of the trustee in bankruptcy.

■ In the injunction suit to temporarily enjoin John Henry Kirby and the sheriff of Harris county from making sale of the Dr. Pepper stock in question, appellees took the position that the debt, the Sibley $35,000 note in question, was the debt of the Collin County Realty Company, and on such position the United States District Court temporarily

enjoined the sale of the Dr. Pepper stock. Appellants submit that Miss Grace Fitzgerald, trustee in bankruptcy, is now precluded in this suit from changing that position as to the $35,000 note to the position now assumed that the Collin County Realty Company was and is a stranger to that transaction.

Appellants, by several propositions, submit in effect: That, the trustee in the injunction proceedings having assumed the position that the $35,000 note was the debt of the Collin County Realty Company, she could not change that position and on the trial on the merits assert the said note to be the debt of Sibley. We do not concur in the position. The entire record shows beyond controversy that the Sibley $35,000 note, for the payment of which Sibley pledged the Dr. Pepper stock, was Sibley's individual indebtedness, and not the debt of Collin County Realty Company, and that Sibley, Carlton, and Kirby knew that the debt was Sibley's and were not misled by such mistake of fact; their theory of defense in this case is that the note was Sibley's note and that Sibley, by reason of the abandonment of the Collin County Realty Company corporate enterprise, and the disposition made by the corporation of the Dr. Pepper stock, owned said stock and had the right to secure his note by pledging said stock. The record seems clear that Carlton and Kirby were not misled by the asserted fact in the injunction proceeding that the indebtedness evidenced by the Sibley note was the debt of the corporation.

The judgment in the federal court was on an ancillary proceeding and not on the merits. Foster v. Wells, 4 Tex. 101; Horton v. Hamilton, 20 Tex. 606; Philipowski v. Spencer, 63 Tex. 604; Cook v. Burnley, 45 Tex. 97; Boykin v. Rosenfield (Tex. Civ. App.) 24 S. W. 323; C. J. vol. 21, p. 1223; Id. p. 1064.

■ Appellants refer us to Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.(2d) 526, 527; Stephenson et al. v. Miller-Link Lumber Co. (Tex. Com. App.) 277 S. W. 1039; and other cases. A review of the cases shows that the estoppel by judgment discussed are judgments rendered upon the merits. In the first case cited, Judge Pierson illustrating the rule to be applied quotes at length from Hanrick v. Gurley, 93 Tex. 479, 54 S. W. 347, 55 S. W. 119, 56 S. W. 330, where it is said: "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim, * * * and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action."

The cases cited by appellants, as we view them, do not state a different rule from the cases we have cited.

■ We think the question as to whether the $35,000 note was a debt of the Collin County Realty Company or a debt of Sibley, created by Sibley, without any act or signature, resolution, or otherwise on the part of the corporation, was not a material issue in the case; it seems to us to be no more than a statement in explanation of Kirby's possession of the Dr. Pepper stock. Whether the debt was the debt of the corporation or of Sibley, the trustee could recover the stock unless the corporation by some act of its own has through Sibley or otherwise disposed of the stock. The record shows without controversy that the pledge of the stock was made by Sibley on March 14, 1925, at a time when the corporation had a president in the person of T. J. Cole, and a board of directors; when the stock stood in the name and was owned by the corporation, and no act of the corporation is shown authorizing Sibley to take or to pledge the stock.

Finding No. 14 has reference to happenings after the death of T. J. Cole on May 10, 1926; we do not see how the assets thereafter turned over to Sibley could refer to or include the Dr. Pepper stock already taken and pledged by Sibley.

■ The record shows by Sibley's own statement that he abstracted the Dr. Pepper stock and pledged it for his personal indebtedness, an act inhibited by article 1349 of our statutes; conceding that the Dr. Pepper stock was included in the assets turned over to Sibley and that the corporation authorized such disposition prior to the bankruptcy of the corporation, we see no reason why the trustee may not recover such stock so disposed of in direct violation of article 1349, unless it could be said that the title to the stock, as well as its possession, passed to Sibley. Carlton and Kirby, with full knowledge as to Sibley's rights in the matter of his possession, got no better title than Sibley had. In the case of Firestone Tire & Rubber Company v. Cross (C. C. A.) 17 F.(2d) 417, referred to by appellants, the court was construing a contract of bailment made by the bankrupt with defendants of the estate or effects of the bankrupt under the statute of South Carolina, a statute different in many respects from the Texas statutes. The court adhered to the construction of the South Carolina courts as the courts of that state had construed its statutes to be applicable to bailments. In that case the defendants' bailees had possession of the property under the contract prior to the filing of the petition in bankruptcy; the court held that in the light of the interpretation placed upon the registration laws (the bailment contract not having been recorded as required by statutes of South Carolina), the trustee was not entitled to recover the property or its value. In that case the opinion states that the defendants were not holding the property as security for a debt but as property which belonged to them absolutely and unconditionally, the title to which they had never parted with; that the property in controversy was not the property of the bankrupt; and was not transferred in payment of a debt, and whether the taking of possession, even where there was a debt, is valid against a trustee, depends upon the law of the state. The court was dealing with an action by the trustee to recover property, not the property of the bankrupt, on the ground that the unrecorded bailment contracts were void as against creditors of the bailee who had not secured a lien; held, that under the facts and the law of South Carolina the trustee could not recover.

■ We understand that under the Bankruptcy Act (11 USCA), rights of action arising from the unlawful determination of the bankrupt's property, pass to the trustee by the terms of the act.

■ Appellants submit that the alleged conversion is barred by the two-year statute of limitations (Rev. St. 1925, art. 5526), expressly pleaded. We think that under the evidence the suit is not barred. The evidence shows that the Dr. Pepper stock was held as security for a debt owing by Sibley. Kirby seems to have asserted no unconditional ownership of the stock until he purchased the stock on July 3, 1928. However, we will discuss that later. The suit was filed on October 31, 1929. There is an apparent conflict between findings 11 and 12, but we think, under the evidence, without reproducing it, the meaning of the jury possibly becomes apparent and removes the conflict.

■ The above are the issues submitted on the limitation. Should it be held that issues 11 and 12 are in irreconcilable conflict, and for that reason the issue was not determined, the rule seems well settled that the burden of the issue being with appellants, and a complete defense to the suit, and the case having been submitted on special issues, a failure of appellants to request a submission of the issue waives such defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and cases cited. Again, appellants held the stock prior to its sale in the Kirby v. Sibley suit as collateral security to Sibley's note. In such case to make limitation available repudiation of the pledge and appropriation of the stock with intent to permanently deprive the other party of it, notice of such repudiation and appropriation must be shown and that such repudiation, appropriation with notice, had continued for the full statutory period. Davis v. Hardwick, 43 Tex. Civ. App. 71, 94 S. W. 359; Cavitt v. Gulledge (Tex. Civ. App.) 255 S. W. 784.

The jury found (issue 18) that the Collin County Realty Company had not learned of the transfer of this stock to Kirby and Carlton until 1928.

In preparing the petition for the injunction suit heretofore referred to, Sibley narrated the statement to his attorney, and attorney for Miss Fitzgerald, trustee; Mr. Will H. Harris giving in detail the facts and circumstances under which John H. Kirby purchased the Dr. Pepper stock. When and as Sibley made the statement, the attorney, Will H. Harris, dictated to his secretary the Sibley statement. From the Sibley statement, as dictated to the secretary by Mr. Harris, the secretary made a statement referred to in the record as Exhibit No. 127. From the secretary's statement the petition for the injunction suit was prepared. Sibley verified the petition in the injunction suit. On the trial of this suit appellants offered in evidence the dictated statement of Attorney Harris as prepared by the secretary. Mr. Harris testified that the statement as prepared by the secretary and narrated by him was, in substance, the statement as made by Sibley. Appellee, and Sibley, objected to the evidence on several grounds; briefly stated, the statement offered was not reduced to writing by Sibley, was not signed by Sibley, was a declaration made by Sibley, was hearsay as to Harris and not the best evidence, was a self-serving statement on the part of Sibley, made after the conversion of the stock, was a confidential communication between attorney and client and not admissible against the trustee, was an ex parte statement of attorney Harris based upon what he heard Sibley say. The court sustained the objection and appellant assigns error.

The court permitted Attorney Harris to testify to the facts in the statement as made by Sibley, and appellee submits that if the exclusion of the statement as prepared by the secretary was error, it was rendered harmless by reason of the admission of Harris' testimony to substantially what Sibley said.

Appellant submits that the statement offered was admissible as impeaching testimony and it was error to exclude it. Appellants refer us to Richard Cocke & Co. v. New Era Gravel & Development Co. (Tex. Civ. App.) 168 S. W. 988; Pruett v. State, 114 Tex. Cr. R. 44, 24 S.W.(2d) 41; Johnson v. Taylor (Tex. Civ. App.) 22 S.W.(2d) 947; Clay v. Richardson (Tex. Civ. App.) 38 S.W.(2d) 849.

We think the exclusion of the statement is not reversible error. Appellants had the benefit of substantially the same evidence in the testimony of attorney Harris.

Failure of the jury to answer some of the questions submitted was assigned as ground for a new trial, and, on that ground, error is assigned to the refusal of the court to grant a new trial. The jury failed to answer questions 5, 7, 17, 19, 23, and 25.

Our present statute, 1925, article 2202, as did the former statute, article 1988, provides that the verdict of the jury "shall comprehend the whole or all the issues submitted to it."

It would be a difficult and probably a useless task for this court, in the condition of the findings, to undertake to determine severally the materiality of the matters submitted in the several issues, and the dependence upon and relation of the one to the other. Some of the issues submitted upon which no finding was made seem to indicate that the board of directors of the corporation authorized the transfer of the stock to Kirby. In such condition as to the title, as well as possession of the stock before bankruptcy, it would be impossible for this court to determine, in the absence of other findings, whether Kirby then held the stock as trustee for the corporation or as owner—a very important issue in the case. To us the issues submitted, taken as a whole, seem to be confused. There seems to be a confusion, if not a conflict, between findings 11 and 12. The judgment is for a large sum, and we feel that the verdict upon which the judgment is based should be clear. For the reason stated we have concluded that the case must be reversed and remanded.

In view of another trial we do not undertake to discuss whether the verdict is excessive.

The trustee in bankruptcy, Miss Fitzgerald, and the Dr. Pepper Company have agreed and filed a motion asking that the judgment of the court below in favor of said company be affirmed.

Said motion is granted, and for the reasons stated above the judgment against Kirby and Carlton is reversed and remanded.