JOHN H. KIRBY ET AL. V. MISS GRACE FITZGERALD, TRUSTEE, ET AL.

No. 6490. Decided January 15, 1936.
(89 S. W., 2d Series, 408.)

*Andrews, Streetman, Logue & Mobley, Andrews, Kelley, Kurth & Campbell* and *E. J. Fountain, Jr.,* all of Houston, for plaintiff in error John H. Kirby et al.

Where one assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position. Smith v. Chipley, 118 Texas, 415, 16 S. W. (2d) 269; Hill v. Preston, 119 Texas, 522, 34 S. W. (2d) 780; Bond v. Kirby Lumber Co., 47 S. W. (2d) 891.

*Bullington, Humphrey & King,* of Wichita Falls, *Jed C. Adams,* and *I. M. Williams,* both of Dallas, for defendant in error Miss Grace Fitzgerald.

Where a case is submitted to a jury upon special issues requiring a special verdict, and the jury answers all issues that are material and all that are supported by the evidence the trial court may, notwithstanding the provisions of Article 2202, R. S., render judgment upon the jury's verdict, *non obstante veredicto,* upon motion and reasonable notice being given, as provided by Article 2211, R. S. Farracy v. Security Natl. Bank of Dallas, 29 S. W. (2d) 1073; Starke, Guar., v. Guffy Pet. Co., 4 S. W. (2d) 335; Germania Safety Vault Co. v. Boynton, 71 Fed., 797.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Miss Grace Fitzgerald, as trustee in bankruptcy of Collin County Realty Company, a corporation, recovered judgment against John H. Kirby, O. S. Carlton and S. W. Sibley, for $381,844.74, besides interest and costs. There

were other parties defendant in the trial court but judgment ran in their favor. Kirby and Carlton prosecuted an appeal to the Court of Civil Appeals and Miss Fitzgerald appealed from that portion of the judgment denying her recovery against Dr. Pepper Company, a corporation. Later a settlement was made between her and Dr. Pepper Company and that phase of the case is not before us for review. The Court of Civil Appeals reversed the judgment against Kirby and Carlton and remanded the cause to the trial court. 57 S. W. (2d) 362. The application of Kirby and Carlton for writ of error was granted on an assignment presenting the question that judgment should have been rendered in their favor. The application of Miss Fitzgerald was granted because of the granting of the other application.

The record is a voluminous one and the facts with reference to all of the dealings and transactions between the parties are involved and complicated, but the following condensed statement will serve the purpose of this opinion. Collin County Realty Company, in which S. W. Sibley was the principal stockholder, owned a large number of shares of the capital stock of Dr. Pepper Company, a corporation. Sibley delivered this stock to Carlton as collateral security for his personal note to him. This note was assigned to Kirby and he was awarded judgment against Sibley thereon, together with a foreclosure of his lien on the Dr. Pepper stock. Just prior to the date this stock was to be sold under the foreclosure decree Collin County Realty Company was adjudged a bankrupt and Miss Grace Fitzgerald appointed receiver. She immediately filed in the Federal District Court at Houston an application for a temporary restraining order for the purpose of having the sale of this stock postponed until the creditors of the bankrupt could select a trustee and that trustee could determine what steps to take to protect the interest of the bankrupt estate. The relief prayed for was granted to the extent that the sale was postponed one month. At the expiration of that time the order of sale was duly executed and Kirby became the purchaser of the stock. Thereafter Miss Fitzgerald, who in the meantime had been named as trustee of the bankrupt estate, instituted the present suit praying for the title and possession of the Dr. Pepper stock and, in the alternative, in the event defendants had placed said stock beyond their control, for the value thereof. Judgment ran in her favor against Kirby, Carlton and Sibley in the amount above stated.

We first dispose of the assignments of Miss Fitzgerald

presenting the question that the Court of Civil Appeals should have affirmed the judgment of the trial court.

■ A reversal was ordered because of the insufficiency of the verdict to sustain the judgment. The 27 issues submitted to the jury are set out in the opinion of the Court of Civil Appeals. A consideration of these issues, together with the answers of the jury thereto has convinced us that no judgment could properly be rendered thereon in favor of either party for two reasons: First, the jury was unable to return answers to certain materials issues. Second, the answers returned to other material issues are in irreconcilable conflict.

In Special Issues No. 5 inquiry was made as to whether Sibley delivered the stock in question in pledge to Carlton and Kirby with the knowledge and consent of the officers of Collin County Realty Company having authority to consent thereto. No answer was returned to this issue. This was a very material issue, for, if such officers acquiesced in this action, the company would be bound and the trustee would not be entitled to recover.

Special Issue No. 17 inquired as to whether the transfer agent of Dr. Pepper Company was given authority by the Board of Directors of Collin County Realty Company to transfer the stock from the name of Carlton, trustee, to Kirby and Carlton. An affirmative answer to this issue would have established a ratification of the entire transaction by the company. Obviously that issue was material.

There is irreconcilable conflict in the answers of the jury to Issues Nos. 11 and 12. In answer to Issue No. 11 the jury found that, from the time when the stock certificates in question were delivered to him, John H. Kirby did not claim the same adversely to everyone except S. W. Sibley. In answer to Special Issue No. 12 the jury found that, from the time the stock certificates in question were delivered to O. S. Carlton, John H. Kirby claimed the same adversely to everyone except S. W. Sibley. The record discloses that the certificates were first delivered to Carlton and later were turned over by him to Kirby. Bearing these facts in mind, the two answers are in direct opposition to each other. The Court of Civil Appeals did not err in reversing the judgment of the trial court.

■ We now consider the claim of Kirby and Carlton that judgment should be here rendered in their favor. There have been filed in this Court certified copies of proceedings in the

United States District Court for the Southern District of Texas, at Houston, disclosing that, since judgment was entered in this cause both Kirby and Carlton have been adjudged bankrupts and each has been discharged in bankruptcy. A motion has been filed in this Court in behalf of each of them that we give force and effect to these discharges. This Court is limited to a determination of the correctness of the judgment rendered by the trial court and Court of Civil Appeals. The rule is stated in 6 Texas Jur., p. 123, in this language: "The appellate court is not the proper place at which to interpose a plea that the appellant has been discharged pending the appeal, and the Court will proceed to dispose of the appeal notwithstanding an attempted plea of discharge." The text is well supported by the decisions. Burnett v. Waddell, 54 Texas, 273; Hickcock v. Bell, 46 Texas, 610; Flanagan v. Pearson, 42 Texas, 1, 19 Am. Rep., 40; Crow v. First Nat'l Bank of Whitney, 64 S. W. (2d) 377 (error ref.).

A discharge in bankruptcy is a defense personal to the debtor and must be pleaded. Fidelity Union Casualty Co. v. Hanson (Com. App.), 44 S. W. (2d) 985; 6 Texas Jur., p. 121, Sec. 90, and authorities there cited. The effect of these discharges cannot be determined in this Court until the question has been properly presented to and determined by the trial court.

■ Since the appeal in this case has been perfected a settlement has been made by the trustee with the Dr. Pepper Company, one of the defendants in the original suit, and the claim is presented that the effect thereof is to release Carlton and Kirby. As noted in the opening statement, no judgment was rendered in the trial court against the Dr. Pepper Company and it cannot be said that it was shown to be a joint tort feasor with plaintiffs in error. Further, the release of Dr. Pepper Company is on file in this Court among the papers of the case, and an inspection thereof discloses the express provision that it does not include a release of Carlton, Kirby or Sibley, but, as to them, the cause of action is, by express language, reserved by the trustee. The amount paid by the Dr. Pepper Company being less than the judgment against Carlton, Kirby and Sibley, the release does not effect a discharge of them from all liability. The intention of the parties to the contrary must be given controlling effect. Pennington v. Bevering, 17 S. W. (2d) 772; St. Louis, I. M. & S. Ry. Co.

v. Bass, 140 S. W., 860 (error ref.); Thomas v. Pugh, 6 S. W. (2d) 203.

■ The other propositions presented in support of the contention that judgment should be rendered for Kirby and Carlton were considered and properly disposed of by the opinion of the Court of Civil Appeals. We deem it desirable to add to the discussion of only one of these questions.

It is presented that judgment should be rendered for Carlton and Kirby because the position of Miss Fitzgerald, trustee, in this suit is different from the position taken by her when she, as receiver, instituted the suit for a temporary restraining order in the Federal District Court at Houston. The equitable rule is invoked that, where one assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter assume a contrary position. This equitable rule has no application to the facts of this case for several reasons, some of which will be noted.

The petition for a temporary restraining order was filed by the receiver in bankruptcy. A receiver in bankruptcy is appointed by the court. His sole duty is to hold together and protect the assets of the bankrupt estate until the creditors elect a trustee at a meeting called for that purpose, and any action taken by him is not binding on the trustee. Further, the requisite inconsistency between the position assumed in the injunction suit and that assumed in the instant suit to make applicable the above equitable rule does not exist. In her application for a temporary injunction or restraining order the receiver did state that Sibley's note secured by a pledge of the stock was in fact the obligation of the bankrupt, but that was a collateral matter. The gravamen of the complaint was that the stock was the property of the bankrupt and that its sale should be enjoined until a trustee could be appointed and determine what steps should be taken to protect the bankrupt's interest. In the instant case the trustee claims, as did the receiver, that the stock in question was the property of the bankrupt, but denies that the note secured by it was the bankrupt's obligation. The temporary restraining order was doubtless granted on the allegation that the stock to be sold under order of the court was the property of the bankrupt. The allegation that Sibley's note was the obligation of the bankrupt weakened rather than strengthened the pleading. It is further disclosed that Sibley, one of the defendants, furnished the information to the receiver upon which the

allegations in the application for a restraining order were based, and that he himself made affidavit to the truthfulness of the facts alleged therein. The receiver had no time within which to make investigation and relied upon the statements of Sibley. For all of these reasons the equitable rule relied upon has no application.

The judgment of the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause for a new trial is affirmed.

Opinion adopted by Supreme Court January 15, 1936.