JAMES v. KLAR & WINTERMAN et al.

No. 12359.

Court of Civil Appeals of Texas. Dallas.

June 11, 1938.

John C. Walvoord, Jr., of Dallas, for appellant.

Emil Corenbleth and Sam Passman, both of Dallas, for appellees.

YOUNG, Justice.

Appellant (plaintiff in the trial court) originally brought this suit against defendant partnership and on their statutory bond, for an alleged conversion of two diamond rings, the property of plaintiff. Upon a hearing before the court and a development

of the material facts, a plea of limitation was sustained to plaintiff's demand, judgment rendered that plaintiff take nothing, and this appeal followed.

The trial court filed findings of fact and conclusions of law, and from the former it is clear that Mrs. James (plaintiff) placed the rings in suit with a Mr. Fagan for purpose of sale in Dallas, with no authority to deliver the property to anyone who was not a purchaser. About June 1, 1933, said Fagan entrusted the rings with another, having in view a sale. This third party proved to be a thief, however, and disappeared after obtaining possession of the jewelry. With the aid of local police officers the rings were located in defendant's store (a pawnbroker's establishment), a loan of $30 having been extended thereon to the person who had custody of the rings. After the articles had been identified by Fagan as stolen property, defendant refused to turn them back to said agent without payment of the $30, which the latter agreed to do. This amount was not paid at the time and defendants retained possession thereof. A further finding of fact, in substance, was that said Fagan did not thereafter make any demand for possession of the rings, without payment of money, but promised defendants he would pay the amount demanded as soon as he could; Fagan having promptly advised plaintiff of the loss of the rings and the facts as to who was detaining the same, also that he (Fagan) would get the jewelry back for her. This agent of plaintiff never came back to defendants' store until August 1934, at which time one of the defendants, Mr. Klar, told Fagan "You are a long time getting around here", but that defendants still had the rings. There was no definite time limit agreed upon by either Fagan or Klar as to how long the rings were to be held by defendants pending payment of the redemption fee of $30. Defendants did not know of plaintiff's ownership of the two articles until the Fall of 1935, when she visited their store and so advised them; defendants dealing with Fagan as the owner at all previous times. Plaintiff testified that she offered to pay the defendants the $30 in October 1935, but found the rings had been sold on March 12, of that year, at auction sale and bid in by the defendants for $30, their records indicating the pledge of the two rings had been redeemed by this sale. After much dispute in the testimony as to value, the court fixed the same at $110, although plaintiff's evidence tended to establish their reasonable value in a much higher amount. The following pertinent conclusions of law were made by the trial court:

"I conclude as a matter of law that a cause of action accrued to plaintiff when defendant Herman Klar advised plaintiff's agent T. A. Fagan that he would not relinquish possession of the rings in question until paid $30.00, and when said Fagan immediately thereafter advised the plaintiff where the rings were in Dallas.

"I conclude as a matter of law that the plaintiff was entitled on June 1, 1933, or as soon thereafter as she was advised as to the whereabouts of her rings, to maintain a cause of action against the defendants for detaining her personal property.

"I conclude as a matter of law that the act of defendant Klar in detaining such rings until he should be paid $30.00 was an unauthorized, illegal exercise of the right of dominion over the property of another, such as would accrue a cause of action for conversion.

"I conclude as a matter of law that plaintiff's cause of action accrued over two years prior to the filing of her suit on October 28, 1935."

Article 5526, R.S., subdivision 2, applicable to the conclusions above reached, reads: "There shall be commenced and prosecuted within two years after the cause of action shall have accrued, * * * actions for detaining the personal property of another, and for converting such property to one's own use". In the inception of the transactions here, the position of defendants was that of one in possession of property that had been stolen from its true owner and the trial court correctly concluded, as a matter of law, that the act of defendant Klar, in detaining such rings until he should be paid the $30, was an unauthorized, illegal exercise of right of dominion over the property of another, such as would accrue a cause of action for conversion. Plaintiff could at once have rightfully demanded her property, either personally or through Mr. Fagan, without payment of money; or could have instituted proceedings against such unlawful holder for repossession. In this event, the bar of the above statute would begin to operate from such time—that is, June 1, 1933. But plaintiff did not see fit to do this, but, through her acts and conduct, by agency and in person, as admitted in the affirmative allegations of defendant's answer, the status of the property was changed to that of a

pledge to be redeemed on the payment of the sum demanded. "Whether the owner will treat an adverse assertion of right to or possession of personal property as a conversion rests with himself to determine. If he elects so to treat it, and seeks to recover its value, then he must bring this action within two years after the cause of action which he asserts, arose, or he may be defeated by limitation". Barker v. Swenson et al., 66 Tex. 407, 1 S.W. 117, 119. The acts of the agent Fagan in acquiescing in defendant's possession of the rings until paid the agreed amount of the original advancement, created the relation of pledgor and pledgee, which continued until a repudiation thereof and an appropriation of the property with intent to deprive the owner of both possession and title. Such was the effect of defendant's auction sale on March 12, 1935, at which time plaintiff's present cause of action for conversion accrued. See Kirby v. Fitzgerald, Tex.Civ.App., 57 S.W. 2d 362, 369, writ refused 126 Tex. 411, 89 S.W.2d 408, and cases there cited.

But appellees point out that plaintiff was an undisclosed principal, and that the agent Fagan had no authority to make the agreement to pay the $30 for the rings, on the basis of a loan arrangement; nor was there any ratification by plaintiff of the unauthorized acts of said Fagan. To ratify means to approve, adopt or confirm by one person as his own an act previously done by another in his stead and for his benefit, but without his authority. Perkins v. Norris, Tex.Civ.App., 25 S.W.2d 979, 983, writ dismissed. From the testimony of plaintiff, she offered to pay the $30 which was the amount of defendants' bid in purchasing the property at their own sale; and, aside from this, we have a case where the principal is suing upon the contract as made by the agent, which is ipso facto a ratification of it. 2 Tex.Jur. (Agency) page 493, Sec. 95. Appellees' pleading also alleges authority on the part of Fagan to make the agreement pledging the rings, and ratification by plaintiff thereof, which, of itself, precludes defendants from taking any other position here.

Concluding as we do that the trial court erred in sustaining defendants' plea of limitation, a remand would ordinarily result. However, defendants have not complained of the value of $110 fixed by the trial court for the property in suit, and plaintiff in turn asks for a reversal and rendition in terms of the values fixed by

said court, in event that her assignments be sustained. Therefore, we are fully authorized to reverse and render this cause in favor of appellant against appellees for $80, being the total damage to plaintiff, after deducting the sum of $30, the amount of the pledge agreement; all costs to be taxed against appellees and said $80 rendition for appellant to bear six percent interest from date of judgment below, June 29, 1936.

Reversed and rendered.