BROADWAY PLAN et al., Appellants,

v.

W. L. RAVENSTEIN et al., Appellees.

No. 16398.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 25, 1963.

Rehearing Denied Feb. 22, 1963.

Bracewell, Reynolds & Patterson, and J. S. Bracewell, Houston, for appellant.

Hudson, Keltner, Jordan, Smith & Cunningham, and Joe Bruce Cunningham, Fort Worth, for appellee W. L. Ravenstein.

Alfred J. Jackson, Jr., Brown & Murray, and M. Hendricks Brown, Fort Worth, for appellee First National Bank of Handley.

LANGDON, Justice.

The First Congregational Methodist Church of Fort Worth, hereinafter referred to as the Church, filed suit to cancel an $18,000.00 bond issue and to remove a cloud upon title to church property allegedly created by a forged resolution made by its former pastor to procure the bond issue. The Church further alleged that the bonds were sold without its authority and that its former pastor and not the Church received the proceeds of the sale. The suit alleged that Defendants W. L. Ravenstein, First National Bank of Fort Worth, J. S. Bracewell and Henry S. Deichert, were holders of said bonds. Alternatively the Church sought judgment over against the First National Bank of Handley in the event the defendant W. L. Ravenstein, appellee herein, obtained a judgment against the Church on his cross-action. The defendant Ravenstein in his answer and cross-action alleged he purchased $9,000.00 of said bonds. He prayed judgment against the Church and in the alternative against the First National Bank of Handley alleging that the checks he gave in payment for the bonds were paid by the bank on an unauthorized endorsement. Ravenstein also sought judgment against the Broadway Plan Church Finance, a partnership composed of J. S. Bracewell, Fentress Bracewell and Searcy Bracewell based upon (1) alleged misrepresentation inducing him to purchase the bonds and (2) certain negligent acts in issuing the bonds on request of the pastor of the Church.

The First National Bank of Handley, in its answer to the action of the Church and Ravenstein, sought judgment over against

the Church alleging that its pastor acting as agent for the Church committed various acts of negligence in obtaining the bond issue.

The case was tried by jury on 65 Special Issues. Judgment on the verdict was entered by the trial court on March 8, 1962, on behalf of the Church cancelling the bond issue and removing the cloud on title to church property. W. L. Ravenstein was given judgment for $9,000.00, of which amount the sum of $8,794.00 was joint against the First National Bank of Handley and the appellants herein, J. S. Bracewell, Searcy Bracewell and Fentress Bracewell and Broadway Plan Church Finance. The sum of $206.00 representing the amount of the judgment in excess of $8,794.00 was against the appellants. Costs were taxed one-half each to First National Bank of Handley and appellants.

The case is before this Court without a statement of facts.

In their points 1 and 1A the appellants contend that the trial court erred in (1) overruling their motion to declare the judgment of W. L. Ravenstein against appellants to be moot, (2) to grant a new trial and in the same order to dismiss as against appellants and (3) because of the refusal of the trial court to require production of a contract of accord and satisfaction between W. L. Ravenstein and the First National Bank of Handley which they alleged would support the appellants' contention that the judgment was moot as to them.

The appellants' motion, which was overruled by the trial court, recites that after judgment was entered by the trial court an agreement was made by which the First National Bank of Handley waived its right of appeal, paid one-half of the costs assessed against it and paid to W. L. Ravenstein the sum of $4,397.06, representing one-half of the joint judgment of $8,794.00, plus interest. That W. L. Ravenstein had agreed to delay any attempt to collect the balance

of the judgment against the bank until he had exhausted all efforts to collect against appellants. That if the case was reversed on appeal or he was unable to collect against the appellants he would then be entitled to collect the balance of the judgment and costs from the Bank. The motion also recited that appellants had tendered to W. L. Ravenstein the sum of $206.00 representing the amount above the joint judgment. That the agreement above recited was evidenced by a letter from an attorney for the Bank, to an attorney who originally represented the appellants. The letter referred to was attached to an affidavit filed with this Court pursuant to Rule 406, T.R.C.P. The agreement described in the letter is substantially the same as described in the appellants' motion and therefore all pertinent information concerning the agreement was considered by the trial court. The letter contains no additional information which would involve the jurisdiction of this court.

Appellants contended that because of the agreement between the Bank and Ravenstein, the tender of the $206.00 and the solvency of the Bank, which will be able to satisfy the judgment, that Ravenstein has no justiciable interest in further prosecution of his suit against appellants. That Ravenstein will receive the same amount of money regardless of whether the case is reversed, affirmed or dismissed.

As a general rule, questions involved in an appeal become moot when the judgment is voluntarily satisfied or complied with by the complaining party and an appellate court will not retain jurisdiction to decide a case after the parties settle it, ordinarily the settlement must involve all of the parties litigant. 3 Tex.Jur.2d pp. 315, 317, secs. 51, 52.

It is undisputed that the complaining party, appellants herein, have not satisfied nor complied with the joint judgment against it and the bank; that one-half thereof plus interest remains unpaid and that the partial settlement did not involve the appellants.

The only amount paid by appellants is the sum of $206.00, representing the amount of the judgment against them which was over and above the joint judgment.

■ The judgment becomes extinguished where one of two or more defendants against whom there is a joint judgment pays the *entire* amount due thereon; however, the payment of a sum less than the amount due on the judgment does not release other judgment debtors or extinguish the judgment. 34 Tex.Jur.2d, p. 743, sec. 634; Kirby v. Fitzgerald, 126 Tex. 411, 89 S.W.2d 408. Undoubtedly, this rule would be applicable in a case on appeal where one of the parties against whom a joint judgment was rendered paid one-half of the judgment against him as well as the costs and waived his right of appeal.

Under the judgment of the trial court W. L. Ravenstein has the right to proceed against either the Bank or the appellants herein, or both, to collect the $9,000.00 plus interest awarded to him. It is undisputed that each is solvent.

■ The Bank voluntarily paid one-half of the judgment and thereby obviated the necessity of either it or Ravenstein undergoing the expense of appeal as between them or the additional expenses incident to efforts to collect under the judgment. Neither should be penalized for this action nor lose valuable rights because of a willingness to concede that a judgment is correct and to abide by it. Certainly it would be against public policy to condemn such action on the part of litigants. It would tend to encourage appeals on every occasion where it appeared that one of the solvent parties against whom judgment was rendered either had or very likely would pay a portion of the judgment rather than appeal. Public policy is better served by encouraging settlements in proper cases rather than to encourage continuing litigation in the courts. Following the reasoning of the appellants' argument, if the First National Bank of Handley was also an appellant, it could present a much stronger case based on its payment of one-half of the joint judgment and the fact that the appellants herein are solvent. However, the same result would obtain and the judgment would not become moot as to either until the entire amount due thereon was paid in full.

The appellants' motion to declare moot and to dismiss as to them had no basis in fact or law and therefore points 1 and 1A are overruled.

Points 2 and 3 urged by appellants contend that the bonds purchased by Ravenstein were usurious and to accord the holder of such usurious bonds the status of an innocent holder for value is error.

■ A pleading setting up that a contract sued upon is usurious, unless the truth of such matter appears of record, shall be verified by affidavit. Unless such plea is filed, no evidence of usurious interest as a defense shall be received. Rule 93, Texas Rules of Civil Procedure. The truth of the matter does not appear in the record. The transcript contains no such verified plea and the brief of appellants concedes this. Points 2 and 3 are overruled.

Points 4 and 5 relate to assignments of error based on matters that should appear in a statement of facts and which cannot be considered in the absence of such statement. 3 Tex.Jur.2d, p. 696, sec. 448.

■ In the absence of a statement of facts appellate review is limited to errors apparent on the face of the pleadings, the verdict, the findings, if any, the judgment, and the bills of exceptions.

■ In cases where there are no bills of exceptions and no exceptions to the judgment or where neither a statement of facts nor findings of fact are in the record, it has been held that the only questions open to consideration are whether the pleadings support the judgment or whether the judgment is contrary to the verdict. 3 Tex.Jur. 2d, pp. 697, 698, sec. 449.

■ Examination of the pleadings, the verdict, the judgment and other papers contained in the transcript reflects that the judgment is supported by the pleadings and is not contrary to the verdict. In the absence of a statement of facts it must be presumed by this court that sufficient evidence was introduced to support the jury findings. Points 4 and 5 are overruled.

■ By its point 6 the appellants contend that the judgment is not final because it did not dispose of all the parties, namely the First National Bank of Fort Worth and Henry S. Deichert. The record reflects that the Church sought no specific relief against either of these parties. It sought only a declaration that the bonds held by them were invalid. This the trial court did and thus effectively disposed of these parties. Point 6 is overruled.

■ The appellants in point 7 complain of the trial court's action in assessing costs against impleaded cross-defendants.

The successful party to a suit shall recover of his adversary all costs incurred therein except where otherwise provided. Rule 131, T.R.C.P. Without question the First Congregational Methodist Church and W. L. Ravenstein, appellee, were the successful parties in this suit and the appellants and the First National Bank of Handley were the losing adversaries.

Rule 141, T.R.C.P. provides that the Court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules. The trial court entered an order on May 9, 1962, which contained recitation of good cause for assessing costs as it did.

■ The matter of taxing costs is within the sound discretion of the trial court. The record in this cause reflects no abuse of discretion on the part of the trial court under either Rule 131 or 141 of the Texas Rules of Civil Procedure and accordingly point 7 is overruled. Copeland v. Bennett, Tex.Civ.App., 243 S.W.2d 264; Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807.

■ Appellants in their final point argue that the trial court committed error in refusing to approve their Bills of Exceptions Nos. 1 and 2. They were refused by the court for the stated reasons that it would require the court to attach to it a recitation of evidence, facts and events which occurred during the course of the trial including a summary of the testimony of various witnesses for the Church and exhibits introduced in evidence. The court pointed out that in the absence of a statement of facts it would be unable to properly state such facts and events. It was not intended by Rule 372 of the Texas Rules of Civil Procedure to place upon the trial court the burden which appellants sought by their Bills of Exceptions. Rule 372 for the most part contemplates Bills of Exceptions which may be passed upon by reference to a statement of facts and it was not intended thereby to permit Bills of Exceptions to serve as a substitute for a statement of facts.

Appellants in their brief state that the essential recitation contained in their Bills of Exceptions is that all bondholders were not parties and that the Church is a corporation.

■ The record reflects that the First National Bank of Fort Worth filed a plea in abatement. It was the only such plea filed. It was satisfied that all necessary parties were in the case. No objection was made to the order overruling their plea in abatement. There is no motion or plea apparent in the record before this Court reflecting that the appellants raised any question on the issue of necessary parties.

A pleading setting up that there is defect of parties, plaintiff or defendant, or that any party alleged to be a corporation is not incorporated or that the plaintiff is not entitled to recover in the capacity in which he sues, unless the truth of such mat-

**746**

ters appear of record, shall be verified by affidavit. Rule 93, T.R.C.P.

The case of Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600, 603, contained the following language which is applicable to the instant case: "It is an exceptional case in which an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts, and this is not such a case." See also Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683, and Fenton v. Wade, Tex.Civ.App., 303 S.W.2d 816. Appellants' 8th and final point is overruled.

The judgment of the trial court is affirmed.